JOSEPH COHEN *vs.* SARAH VEXILER COHEN.

1. DIVORCE—"CIVIL ACTION".

An action for divorce is a "civil action", not embraced within actions *ex contractu* or actions *ex delicto*, though partaking of features characteristic of both, and the nature of the action is controlled by the nature of marriage, which creates a civil status.

2. MARRIAGE—NATURE OF MARRIAGE.

Marriage is not a contract, but is a status, defined and established by law; and the state assumes authority to control the rights and obligations of those who enter into the relation.

3. MARRIAGE—REGULATION—POWER OF STATE.

The state, in the exercise of its right to determine the status of persons domiciled within its territory, except as restricted by the Constitution, may recognize marriage as an institution within its control and regulate the manner of its creation and dissolution.

4. DIVORCE—RIGHT TO SUE—"RESIDENCE"—"DOMICILE".

"Residence", within 24 *Del. Laws, c.* 221, § 9, authorizing an action for divorce when, at the time the cause of action arose, either party was a *bona fide* resident of the state and so continued, denotes a residence within the legal meaning of the word "domicile", which means a place where a person lives, or has his home, and to which, when absent, he intends to return, and from which he has no present purpose to depart; and a *bona fide* resident, though a subject of a foreign sovereign, may on proper grounds sue for divorce.

5.  DIVORCE—JURISDICTION—MARRIAGE CELEBRATED IN FOREIGN COUN-
TRY BY PERSONS SUBJECTS THEREOF.

A *bona fide* resident of the state for the statutory period may obtain a divorce for a ground authorized by statute, and arising within the state, though the marriage was established according to the laws of a foreign sovereign, of whom the parties were at the time of the marriage and continue to be subjects, though the other spouse is not a resident of or domiciled in the state, since the status of each person must be determined by the tribunals of the country where such person has his domicile.

*(June 24, 1912).*

Judges WOOLLEY and RICE sitting.
*Caleb E. Burchenal* for plaintiff.
Superior Court, New Castle County, May Term, 1912.
ACTION FOR DIVORCE, (No. 5, May Term, 1912).

Personal service upon defendant.

Right of an unnaturalized resident of the State of Delaware to maintain an action in this state for divorce, the parties being citizens of and resident in Russia at the time of the marriage. Decree *nisi* entered.

The plaintiff has been a *bona fide* resident of Delaware for over nine years next preceding the commencement of his action; that he left Russia with the intention of coming to and residing in America permanently; that upon his arrival here he came immediately to Delaware and has taken out his first papers, declaring his intention to become a citizen of the United States; that the defendant's wife consented to his coming and agreed to follow him whenever he should prepare a home for her; which he did about seven years ago and wrote to her repeatedly to come to America to live with him; that she has continuously refused to live with the plaintiff although about four years ago she came to America but since that time has lived in New York City; and that the defendant was served personally in this jurisdiction by the sheriff.

## ARGUMENT OF COUNSEL FOR PLAINTIFF.

An action of divorce is a civil action and the law in the United States courts and in our own courts is that an alien may

Argument.

maintain a civil action.   *Otterman v. Thompson*, 10. *Fed. Cas.* 618, 2 *Cranch C. C.* 108.

"For purpose of divorce, either absolute or from bed and board, jurisdiction may be acquired by personal service upon the defendant within this state, under the following conditions:

"'When, at the time the cause of action arose, either party was a *bona fide* resident of this state, and has continued so to be down to the time of the commencement of the action; except that no action for absolute divorce shall be commenced for any cause other than adultery or bigamy, unless one of the parties has been for the two years next preceding the commencement of the action a *bona fide* resident of this state." *Laws of Delaware, Vol.* 24, *p.* 622, § 9.

The word "residence" in the divorce laws means the same thing as domicile.   2 *Bishop on Marriage and Divorce*, 109, *p.* 53.

In order to give this court jurisdiction over the marriage of aliens solemnized in Russia, citizenship in the United States is immaterial as citizenship is required for political and not for legal rights.   *Field v. Adreon*, 7 *Md.* 209; *Harral v. Harral*, 39 *N. J. Eq.* 279.

The husband has the power to change the matrimonial domicile and if without legal excuse the wife refuses to proceed with him to the new locality, she thereby deserts him.   1 *Bishop on Marriage and Divorce* 1713, *p.* 710.

The right of the plaintiff to apply to a Delaware court for a divorce does not depend on his being a citizen of the United States, but on the question of *bona fide* domicile.

Marriage is not a contract but a status.   1 *Bishop on Marriage and Divorce*, § 11, *p.* 5 and § 13, *p.* 6; *Story on Conflict of Laws*, § 108 N.

"The marriage contract is one of a peculiar character and subject to peculiar principles. * * * It is in the power of the legislature watching over this highest domestic relation and most important civil institution, to modify and change its rights and legal obligations."   *Townsend v. Griffin*, 4 *Harr.* 440, 442; *Maynard v. Hill*, 125 *U. S.* 190, 210; *Wade v. Kalbfelisch*, 58 *N. J.* 282, 284; *Noel v. Ewing*, 9 *Ind.* 37, 49.

The status of marriage is not governed by the law of the place of contracting the marriage, *lex loci contractus*, but by the *lex domicilii*. Status is "the condition of persons." 2 *Bouvier's Dictionary; Adams v. Palmer*, 51 *Me.* 481, 483.

The law of divorce depends not upon that of the place, where the relation of marriage is entered into, but upon that of the place where the dissolution is sought to be obtained. *Gregory v. Gregory*, 78 *Me.* 187, 189; *Watkins v. Watkins*, 135 *Mass.* 83, 84; *Hartran v. Hartran*, 31 *Mass.* 181, 186; *Leith v. Leith*, 39 *N. H.* 20, 33; *Maguire v. Maguire*, 37 *Ky.* 181, 185; *Ditson v. Ditson*, 4 *R. I.* 87, 101.

WOOLLEY, J., delivering the opinion of the court:

It appears from the testimony in this case that the plaintiff and defendant were married in Russia nine years ago; that at the time of their marriage they were subjects of the Czar of Russia; that immediately after their marriage the plaintiff came to this country and at once obtained his first papers by declaring his intention to become a citizen of the United States; that upon his arrival in America he made his abode in the State of Delaware, where by the duration of his stay and the character of his intention, he established and has since maintained his domicile; that while residing in this state he was deserted by his wife in a manner and for a period that according to the laws of this state constitute a ground for divorce, after which the plaintiff, without being admitted to full citizenship and notwithstanding his foreign allegiance, instituted this action for divorce as a resident of the State of Delaware. The question is therefore presented whether the State of Delaware may divorce foreign subjects domiciled within its borders from a marriage performed and established according to the laws of their sovereign.

The courts of this state have declared that the history, genius and policy of our institutions favor liberality to aliens in affording them equal opportunities for the enforcement of their personal rights and the redress of their personal wrongs, and have decided that for certain causes aliens may here maintain civil actions. *Szymanski v. Blumenthal*, 3 *Penn.* 558, 52 *Atl.* 347.

[1] An action for divorce is a civil action, but when considered with reference to its purpose and effect, it is so different from those actions which by comity or liberality are extended to aliens, that the right of an alien to an action for divorce must be determined upon principles wholly different from those which apply to ordinary actions. The usual forms of actions sought by aliens and to them extended by the policy of the law, are actions *ex contractu* and actions *ex delicto*. *Otterman v. Thompson*, 2 *Cranch C. C.* 108, *Fed. Cas. No.* 10,618; *Szymanski v. Blumenthal, supra.* Actions for divorce are embraced within neither of these classes, though in a measure partaking of features characteristic to both of them. Marriage is either a contract or a relation founded on contract, yet its rights and obligations may be neither enforced nor abridged by an action in contract. The acts that are declared by law to be grounds for the annulment of the marriage contract or the marriage relation are wrongs, yet of a character different from those upon which an action of tort may be maintained. The nature of the action for divorce, therefore, is controlled and determined by the nature of the particular subject to which it relates, and in order to determine who may resort to it, it becomes necessary to consider the institution of marriage, the relation of that institution to society and the control assumed and exerted over it by the state.

[2] Marriage is sometimes termed a civil contract in distinguishing it from a religious sacrament, or in confusing it with a contract or agreement to marry. It is, however, now firmly established, that "marriage, as distinguished from the agreement to marry and from the act of being married, is the civil status of one man and one woman legally united for life, with the rights and duties, which, for the establishment of families and the multiplication and education of the species, are, and from time to time may thereafter be, assigned by the law to matrimony." (*Bishop on Marriage and Divorce*, § 11.) Marriage, therefore, is not a contract, but it is a relation or status defined and established by law. Into this relation people may contract to enter. But the relation itself being vital to society, the state as organized society assumes and asserts the authority to fix and control the

Opinion.

rights and obligations of those who choose to enter it, and decides
for them how the relation may be commenced, continued and
determined.   1 *Bishop*, §§11, 13; *Story's Conflict of Laws*, § 108;
*Townsend v. Griffin*, 4 *Harr.* 440, 442; *Maynard v. Hill*, 125 *U. S.*
190, 210; 8 *Sup. Ct.* 723, 31 *L. Ed.* 654; *Wade v. Kalbfleisch*, 58
*N. Y.* 282, 17 *Am. Rep.* 250; *Noel v. Ewing*, 9 *Ind.* 37, 49.

[3, 4]   "Every state has an undoubted right to determine
the status or domestic and social condition of the persons domi-
ciled within its territory, except so far as restricted by the Consti-
tution." .(Taney, C. J., in *Shader v. Graham*, 10 *How.* 82, 13 *L.
Ed.* 337.)  In the exercise of this right the state of Delaware has
recognized marriage as an institution within its control and by its
laws has regulated the manner of its creation and the method of
its dissolution.   With respect to its dissolution, its law provides,
that "for purpose of divorce, jurisdiction may be acquired by per-
sonal service upon the defendant within this state, under the fol-
lowing conditions: 'When, at the time the cause of action arose,
either party was a *bona fide* resident of this state, and has con-
tinued so to be down to the time of the commencement of the
action; except that no action for absolute divorce shall be com-
menced for any cause other than adultery or bigamy, unless one
of the parties has been for the two years next preceding the com-
mencement of the action a *bona fide* resident of this state.' "
(*Laws of Delaware, Volume* 24, *c.* 221, § 9.)  Other conditions follow,
but in each of them appears the requirement that the party be
"*a bona fide* resident of this state."

The state, therefore, has seen fit to make residence within
the state, and in good faith, the first essential to the right to the
action.   The residence contemplated by the expression of the
statute "a *bona fide* resident" means something more than an abode
more or less permanent.   It denotes a ".residence" within the legal
meaning of the word domicile, that is an abode *animus manendi*
(2 *Bishop*, §§ 106, 107, 108, 109; *Harral v. Harral*, 39 *N. J. Eq.*
279, 51 *Am. Rep.* 17), a place where a person lives or has his home,
to which, when absent, he intends to return and from which he
has no present purpose to depart.   *Roche v. Roche*, 57 *Sept. Term*,
1890, Superior Court, New Castle County, Delaware.   To the

requirement of such a residence, the qualification of citizenship is not exacted either by the express or implied terms of the statute, and in the absence of a statutory requirement of citizenship either of this state or of the United States, it is evident that none was intended. There are legal distinctions between a resident, an inhabitant, and a citizen, that constitute real differences (*Quinby v. Hyatt,* 4 *Harr.* 383), for a man may be a citizen without being an inhabitant of the state, so a man may be an inhabitant or a resident without being a citizen, and a statute that extends a right or a remedy to a resident or to an inhabitant may do so without regard to the citizenship of either of them. It is therefore held that "*a bona fide* resident of this state," though not a citizen of this state, may upon proper grounds maintain an action for divorce in this state.

[5] The question of the right of the plaintiff as a resident of this state to institute this action having been determined, it now remains to decide whether this state may dissolve a marriage relation established according to the laws of the foreign sovereign of whom the parties are still subjects, for a cause of divorce fixed by the statute of this state and committed within its territory.

If marriage were a contract, it might be urged that it could be enforced or dissolved only according to the *lex loci contractus;* if the act relied upon as a cause for divorce were recognized as a ground for divorce only by the laws of the place in which it was committed, then it might be urged that divorce could be granted only according to the *lex loci delicti,* but as marriage is a status in which society has an interest and over which the state has control, its existence and its dissolution must be governed by the *lex domicilii.* Status has a direct relation to domicile and it is now accepted that marriage is a status and that the status of each person included in it is to be determined finally by the tribunals of that country where such person has his domicile, no matter when or under the laws of what sovereignty the marriage was entered into. *Watkins v. Watkins,* 135 *Mass.* 83; *Adams v. Plamer,* 51 *Me.* 481; *Ditson v. Ditson,* 4 *R. I.* 87.

After quoting the statement of Chief Justice Taney (*supra*) that "every state has an undoubted right to determine the status,

or domestic or social condition of persons domiciled within its
territory," Sawyer, J., in *Leith v. Leith*, 39 *N. H.* 20, 33, said:
. "In this view, questions of marriage and divorce are not so
much questions of contract as of status or condition; and accord-
ing to the well settled principles of international law, that every
nation has exclusive sovereignty and jurisdiction within its terri-
tory, and that no government can exercise a direct authority
beyond the limits of its dominion, the status of every actual *bona
fide* resident, as married or single, must be determined according
to the law of the domicile, without reference to the law of the place
of the marriage, or of the place where the delictum occurred."
*Harding v. Alden*, 9 *Me.* 140, 23 *Am. Dec.* 549; *Tolen v. Tolen*, 2
*Blackf. (Ind.)* 407, 21 *Am. Dec.* 742; *Jackson v. Jackson*, 1 *Johns.
(N. Y.)* 424; *Pawling v. Bird*, 13 *Johns. (N. Y.)* 192; *Barber v.
Root*, 10 *Mass.* 260; *Pomeroy v. Wells*, 8 *Paige (N. Y.)* 406; *Ma-
guire v. Maguire*, 7 *Dana (Ky.)* 181; *Adams v. Palmer*, 51 *Me.*
481; *Gregory v. Gregory*, 78 *Me.* 187, 3 *Atl.* 280, 57 *Am. Rep.* 792;
*Watkins v. Watkins*, 135 *Mass.* 83; *Harteau v. Harteau*, 14 *Pick.*
(31 *Mass.*) 181, 25 *Am. Dec.* 372; *Leith v. Leith*, 39 *N. H.* 20;
*Ditson v. Ditson*, 4 *R. I.* 87, 101.

The right of the plaintiff to seek and obtain a dissolution of
his marriage relation is permitted because of his qualification as
"a *bona fide* resident of this state" for the prescribed time, and
because of the state's right to regulate and control the martial
status of such a resident.    The fact that the defendant, the other
party to this marriage relation, is like her husband a foreign sub-
ject, but unlike him, is not a resident of or domiciled in this
state, and is therefore beyond the reach of its authority and the
control of its laws, does not and cannot hinder the state in deter-
mining the status of the resident over whom it has jurisdiction
and with respect to whom it may enforce its decrees.    *Roche v.
Roche*, 57 *Sept. Term*, 1890, Superior Court, New Castle County,
Del., not reported; *Ditson v. Ditson*, 4 *R. I.* 87, 101.

A decree nisi is entered.