## King v. King

F. A. Davies and E. L. Davies, for libellant.

SMITH, P. J., June 1, 1931.—The ground for divorce set forth in the libel filed in the present case is willful and malicious desertion of the libellant by the respondent. Personal service of the alias subpœna was made upon the respondent, but no appearance was entered or answer filed by or for him, and the case came on for hearing ex parte before the court.

The evidence on the part of the libellant was amply sufficient to sustain the allegations in her libel, and we have delayed final action that we might give due consideration to the fact that both parties were at the time of marriage, which took place in the City of London, England, and of the hearing of the evidence at bar, unnaturalized in the United States, and, therefore, remained citizens of Great Britain. Concerning this, the learned attorney for the libellant has furnished us a brief of authorities, none of them, however, of the Pennsylvania courts directly in point. In Cohen v. Cohen, 3 Boyce 361, 84 Atl. 122, the question was directly raised and decided by the Superior Court of Delaware, Woolley, J., delivering the opinion.

There the question stated for consideration and decision was the right of an unnaturalized resident of the State of Delaware to maintain an action in

Delaware for divorce, the parties being both citizens of and resident in Russia at the time of marriage.

The Delaware statute conferring jurisdiction provided, inter alia, that: "When, at the time the cause of action arose either party was a bona fide resident of this State and has continued so to be down to the commencement of the action," and required a two-year (rather than one as in Pennsylvania) continuous period of such bona fide residence preceding the commencement of the action.

The court distinguished between the terms "citizen" and "resident," the former not being the language used in the statute, saying that as a man may be a citizen without being an inhabitant of the state, so a man may be an inhabitant or a resident without being a citizen, and a statute that extends a right or a remedy to a resident or to an inhabitant may do so without regard to the citizenship of either of them. It further determined that while marriage is a civil contract or agreement, it is now firmly established that it is more than that and is the civil status of one man and one woman legally united for life; quoting from Bishop on Marriage and Divorce, § 11, and continuing: "But the relation itself being vital to society, the state as an organized society assumes and asserts the authority to fix and control the rights and obligations of those who choose to enter it, and decides for them how the relation may be commenced, continued and determined," citing Bishop, § 11 (a) and 13, and Maynard v. Hill, 125 U. S. 190, 210, and holding that the law of the domicile governs, entered a decree in divorce as prayed for. The entire opinion of Woolley, J., is worth reading; but we have quoted the salient points deemed sufficient for our present purpose.

From the text of 2 C. J. 1073, we quote the general principle that "statutory remedies are likewise open to aliens equally with citizens, unless it is otherwise expressly provided."

Sulzberger, J., in the divorce action of Akers v. Akers, 8 Dist. R. 419, subscribes to the same principle as to the interest of the Commonwealth and the public in such controversies, saying that the Commonwealth or public "is always the unnamed third party to the proceeding, and on its behalf the court, or the master appointed by it, will take up the investigation of any fact properly averred whose determination is material to the issue."

And Porter, J., in Latshaw v. Latshaw, 18 Pa. Superior Ct. 465, 466, said: "True it is that marriage is a civil contract. But it is more. It is an institution of the state. As a contract it may not be canceled or rescinded save for grave reasons and by means of the intervention of the courts."

The fifteenth section of our Act of May 2, 1929, P. L. 1237, provides, inter alia, that the Pennsylvania courts "shall have power to grant divorces . . . notwithstanding the fact that the marriage of the parties and the cause for divorce occurred outside of the Commonwealth, and that both parties were at the time of the occurrence of said cause domiciled without this Commonwealth;" and section sixteen provides, as a condition of commencement of such proceedings, the libellant must have been a "bona fide resident in this Commonwealth at least one whole year immediately previous to the filing of his or her petition or libel."

From these quotations it will be observed that while the status of the libellant must be that of one domiciled or a bona fide resident within this Commonwealth, no mention is made of citizenship as a requisite of jurisdiction.

And now, to wit, June 1, 1931, we are clearly of the opinion the libellant is entitled to her decree of divorce and so determine and herewith file a separate formal decree to that effect.     From Gerritt E. Gardner, Montrose, Pa.