**FIRST NAT. BANK OF SEMINOLE et al. v. HENSHAW, Judge.**

No. 25578.   Sept. 11, 1934.

Biggers & Biggers and Robert Burns, for petitioners.

Rittenhouse, Webster & Rittenhouse, for respondent.

SWINDALL, J.  This is an original proceeding for writ of prohibition by the petitioners against the respondent, George A. Henshaw, as judge of the district court of Oklahoma county, Okla., and against said district court.

The facts giving rise to the controversy may be briefly stated as follows: That heretofore there was filed in the district court of the Thirteenth judicial district cause No. 82611 in said court, styled "Jess G. Read, Insurance Commissioner of the State of Oklahoma, v. Middle States Casualty Insurance

Company of Oklahoma City, Oklahoma," wherein the plaintiff, as Insurance Commissioner of the state of Oklahoma, sought the liquidation of said company and the appointment of a receiver for its assets pending final liquidation of said company. William Murdock was duly appointed receiver therein, and is now the duly qualified and acting receiver. Thereafter, on February 6, 1934, there was filed in said cause by the receiver an application for an order directing the delivery to him of certain assets then in the possession and under the control of the First National Bank of Seminole, Okla., a banking corporation organized and existing under the laws of the United States, with its principal and only place of business located in the city of Seminole, Okla. In the application it was alleged that said receiver is informed, and therefore alleges, that the First National Bank of Seminole and W. E. Harber, as an individual or as president of said bank, were instrumental and active in the organization, management, and control of the Middle States Casualty Insurance Company of Oklahoma City, Okla., and as such were intrusted with and held in their possession and control certain securities and assets of the defendant Middle States Casualty Insurance Company, a corporation, and described in the application as two notes secured by real estate mortgages, four shares of Commonwealth Building & Loan stock, school district building bonds, township bonds, sewer bonds, and street improvement bonds, and that on January 25, 1934, and prior thereto, the Middle States Casualty Insurance Company had on deposit in said bank the sum of approximately $9,800, and that on said date the bank charged to the account of said defendant corporation and appropriated from said deposit held by it the sum of $9,592, under the claim of right so to do in satisfaction and payment of said notes held by said bank and claimed to have been indorsed by said Middle States Casualty Insurance Company, and that said receiver is informed and alleges that said action on the part of said bank and/or W. E. Harber was unauthorized, and that said receiver has requested of and made demand upon said bank and W. E. Harber for the surrender to him of said notes, stocks, and cash held and deposited with said bank or W. E. Harber, and delivery and surrender by them of said assets has been refused. The receiver then prays the court for an order directed to the said bank and W. E. Harber directing them to deliver to said receiver the securities and funds described in said application.

Upon said application the court entered an order that said bank and W. E. Harber forthwith upon receipt of said order deliver to said receiver the assets claimed by said receiver in said application, or that they appear before said district court on the 17th day of February, 1934, and show cause for their failure so to do.

The bank and Harber, appearing specially and for the purpose only of presenting a motion to quash the order, objected to the jurisdiction of said court over said defendants, and each of them, and moved the court to quash, vacate, and set aside said order for the reason that the court was wholly without jurisdiction to make and enter said order. Defendants' objections to the jurisdiction of said court to make said order were, and are, that the First National Bank of Seminole, Okla., is a national banking corporation with its principal place of business at Seminole, Okla., and that the defendant W. E. Harber is president of said bank, and that said order was served upon them within Seminole county, Okla., and that the district court of the Thirteenth judicial district, therefore, has no jurisdiction over said parties in the matters and things contained in said order. Upon hearing, the court denied said special plea. The court further found that the application of the receiver to require said bank and Harber to surrender possession of said assets to said receiver is in the nature of a petition by the receiver to recover possession of the assets described therein, and that the order of February 12, 1934, issued on said application may be considered as a summons and said application and order are so considered and treated, and the said First National Bank of Seminole, H. T. Riddle, and W. E. Harber, and each of them, are granted 10 days from the date of said order, March 12, 1934, to file an answer in said cause, to all of which rulings and action of the court the petitioners herein excepted.

The First National Bank and W. E. Harber and H. T. Riddle were not made parties in the original proceedings for the appointment of a receiver, and were strangers to the record at the time the application of the receiver for an order directing the delivery to him of said assets was filled, and are still not parties to the record unless they are made so by the order of March 12, 1934.

It is the contention of the petitioners that an action by a receiver against strangers to the receivership to determine title to property is triable in the county of the strangers' residence, and that the receiver in respect to the property in question stands in the place of the Middle States Casualty Insurance Company of Oklahoma City, Okla., and

has no rights over the property that such company did not have, and that the venue in any action to recover possession of property of the kind and character involved in this action is in Seminole county, and that the district court of Oklahoma county is attempting to proceed without jurisdiction, and that the petitioners are entitled to a writ of prohibition as prayed.

It is the contention of the respondent that the district court of the Thirteenth judicial district, of which Oklahoma county, Okla., is a part, under the general order of the court appointing a receiver, was entitled to possession of the property and assets of the insurance company, and as a matter of law is and was presumed to be in possession of the same regardless of whether the property was actually located in Oklahoma county or in some other county of the state, and, further, that the district court of Oklahoma county was authorized to treat the application filed by the receiver as a petition to bring in the petitioners herein in that action and to treat the order issued by the court as a summons in said action.

Sections 109, 110, and 111 of article 2, O. S. 1931, designate the counties in which certain actions must be brought, and sections 112, 113, 114, 115, and 116 provide in what counties certain actions may be brought, and section 117 provides that:

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned"

—except actions against makers of notes and certain other actions therein designated, which it is not necessary to here consider.

In the case of Hixon v. Chamberlin, 116 Okla. 77, 243 P. 183, this court held that:

"The venue of actions not otherwise specifically provided for is in the county where defendant resides 'or may be summoned', and it is a privilege supported by sound public policy that a citizen shall be immune from service of civil process while necessarily absent from the county of his residence attending court proceedings, either under process or voluntarily, as a party or witness."

See, also, George Foster v. Cimarron Valley Bank of Coyle, 14 Okla. 24, 76 P. 145; First National Bank of Hennessey v. Hesser, 14 Okla. 115, 77 P. 36. In the case of Weslaco Independent School District v. Pittsburgh Plate Glass Co., 7 S. W. (2d) 911, the Court of Civil Appeals of Texas held that:

"The privilege to be sued in one's own bailiwick is a valuable right."

And in Christensen v. Foster et al., 297 S. W. 657, that:

"The privilege of being sued in no other county than that of one's residence is a valuable right."

In the case of Behrens Drug Co. v. Hamilton, 48 S. W. 5, the Supreme Court of the same state held that:

"Rev. St. 1895, art. 1194, permitting an inhabitant of the state to be sued in the county where he contracted in writing to perform an obligation, does not authorize the joinder of a nonresident of the county, not a party to the obligation."

In the case of State ex rel. Logan v. Graper et al., 4 S. W. (2d) 955, the Supreme Court of Tennessee, in the 6th, 7th, 8th, 9th, and 10th syllabus paragraphs, held:

"6. Local actions, as distinguished from transitory actions, are founded on causes that necessarily refer to locality, and must be laid in county of subject-matter.

"7. Transitory actions, as distinguished from local actions, are founded on causes of personal character, and may be laid where defendant is found.

"8. 'Subject of action'—that is, the nature of the thing toward which the remedy is directed—determines whether action is local or transitory.

"9. Equitable proceedings usually follow law in determining venue.

"10. Venue is controlled in actions not localized by statute or by nature of subject-matter by residence of parties."

In the case of Flemming v. Drake, 137 S. E. 268, the Supreme Court of Georgia held that:

"Where no cause of action was alleged against defendant residing in county of suit, jurisdiction as to such defendant would not draw jurisdiction as to defendant residing in another county merely because he was joined as party defendant."

In the case of State ex rel. Bowen et al. v. District Court of Blue Earth County, 229 N. W. 318, the Supreme Court of Minnesota held that:

"The general rule is that a defendant in transitory action is entitled to have a trial in county of his residence, and a corporate defendant in county where is located its principal place of business."

In the case of Pomeranz v. National Beet Harvester Co., 261 P. 861, the Supreme Court of Colorado held that:

"A petition by receiver to make stranger to receivership party to suit to determine title to certain property is to be treated as an action in itself, independent of and separate from the receivership proceeding proper, as affects venue."

So, it appears to us, from a consideration of the cases above referred to and many others which we do not deem it necessary to cite herein, to be the well-established rule that the petitioners herein are entitled to be sued in the county of their residence, and that such rule prevails in all cases except where they could have been properly joined in the original action against the Middle States Casualty Insurance Company of Oklahoma City for the appointment of a receiver, that is, in that class of actions in which an action may be brought against a resident of a county and other parties residing in different counties may be joined as necessary or proper parties to a determination of the action under the venue provisions of our Code.

Having disposed of the issue relative to venue, we will consider the question relative to the right of the petitioners to a writ of prohibition. In the case of Ex parte Elmer Renfro, 40 A. L. R. 900, 273 S. W. 813, the Supreme Court of Texas in the syllabus held that:

"1. A receiver cannot ordinarily, through summary proceedings, take into custody property found in possession of strangers to the record claiming adversely.

"2. A receiver cannot in a summary proceeding take possession of money of his principal on deposit in bank under a time certificate of deposit, where the bank was not a party to the proceeding in which he was appointed.

"3. The denial by a bank having on deposit money of an insurance company, of the fact that it was a trustee by reason of the statute requiring the insurance company to have a specified sum on deposit before it could do business, forms a judicial question in a proceeding by the receiver of the insurance company to take possession of the deposit, which the bank is entitled to have tried before a proper tribunal upon notice as provided for in the Constitution.

"4. An order which the court has no power to make, and which is without due process of law, directing payment of money to a receiver, will not support a contempt proceeding."

In the case of Wheaton v. Daily Telegraph Co., 124 Fed. 61, the Circuit Court of Appeals (2d Cir.) said:

"If, when the receiver is appointed, it is found that property alleged to belong to the corporation is in the possession of third persons who claim adverse title, and who have not been made parties to the action, the receiver cannot interfere with their possession. They are entitled to their day in court, and the receiver must proceed by suit in the ordinary way to try his right to the property, or the plaintiff must bring them in as parties to the action, and apply to have the receivership extended to the property in their hands. The power of a court to proceed summarily against a person who has disturbed the custody of its receiver, and which is usually exercised by an order for restitution upon the application of the receiver or of the plaintiff in the action, and by punishment for contempt upon refusal to comply with the order, is undoubted: but this exercise of the authority of the court to protect its own possession is not to be confounded with the exercise of jurisdiction over persons claiming adverse rights in property which has never been in the custody of the court."

In the case of Parsons Mining Co. v. J. T. McClure, District Judge, et al., 133 P. 1063, 47 L. R. A. (N. S.) 744, the Supreme Court of New Mexico held that:

"A proceeding in insolvency against a corporation under chapter 79, Laws of 1905, is a 'transitory action' in the nature of quo warranto, and the venue thereof, under sec. 2950, Comp. Laws, 1897, may be in the county where either the plaintiff or the defendant resides."

In the case of Parker v. Browning, 35 Am. Dec. 717, 8 Paige, 388, the Supreme Court of New York held that:

"Where the property is legally and properly in the possession of the receiver, it is the duty of the court to protect that possession, not only against acts of violence, but also against suits at law; so that a third person, claiming the same, may be compelled to come in and ask to be examined pro interesse suo, if he wishes to test the justice of such claim. But where the property is in the possession of a third person, under a claim of title, the court will not protect the officer who attempts, by violence, to obtain possession, any farther than the law will protect him; his right to take possession of property of which he has been appointed receiver, being unquestioned."

In the case of People ex rel. Pomeranz v. District Court of First Judicial District, 218 P. 742, the Supreme Court of Colorado approved the rule announced by the Supreme Court of California in the case of Havemeyer v. Superior Court, 84 Cal. 327, 24 P. 121, 10 L. R. A. 627, 18 Am. St. Rep. 192, and held that:

"The court in a receivership proceeding had no jurisdiction to order a person who was not a party to the proceeding to deliver

to the receiver property claimed by such person, since such person had a right to a judicial determination, in a proceeding to which he was a party, of the question of ownership."

In the Havemeyer v. Superior Court Case the Supreme Court of California, in a very thorough and exhaustive opinion which has been followed by many states, in the 8th paragraph of the syllabus, held that:

"A court cannot authorize a receiver to take property from the possession of a stranger to the action without giving the latter a hearing as to his title thereto."

In the Havemeyer Case it was further held that when the court has exercised its jurisdiction in directing a receiver to take property out of the possession of a stranger, the injury is done by order of the court and that a writ of prohibition should issue.

The receiver had no power which the corporation itself could not exercise. Republic Life Insurance Co. v. Swigert, 135 Ill. 150, 25 N. E. 680, 12 L. R. A. 328. This being true, could the Middle States Casualty Company of Oklahoma City, Okla., take possession of the property involved in this action without the consent of the petitioners herein? We think clearly this question must be answered in the negative. When the petitioners refused the receiver possession of the property involved in this action, and that act was made known to the district court of Oklahoma county, the court should have directed the receiver to bring a proper action in Seminole county to determine the ownership and right of possession of the same, but the court was without power and authority to order the petitioners herein to deliver the property to the receiver or answer the application of the receiver made in the receivership proceedings in Oklahoma county, as, clearly, under the allegations in the application, the venue of a proper action was in Seminole county. A court cannot authorize a receiver to take property from the possession of a stranger to the action without giving the latter a hearing as to his title thereto in a county where the action could be properly maintained against the stranger.

Relative to the discretion of the court in granting writs of prohibition, the "discretion" spoken of in the authorities is a legal discretion; a discretion to be exercised in discerning the course prescribed by the law, according to principles ascertained by adjudicated cases.

Prohibition is a proper remedy to arrest the action of an inferior court where a proper showing has been made that such court is proceeding in a cause without authority. State ex rel. Morrell v. Worten, Judge, 161 Okla. 130, 17 P. (2d) 424.

Tested by these considerations, it follows that the writ must be granted.

RILEY, C. J., and McNEILL, BAYLESS, and WELCH, JJ., concur.