RUBY EVANS v. EVAN T. EVANS

194 So. 215
En Banc
Opinion Filed February 20, 1940

*Austin Miller* and *L. R. Milton,* for Petitioner;

*Roger Waybright* and *Edgar W. Waybright, Sr.,* for Respondent.

THOMAS, J.—Writ of certiorari was issued under rule 34 for the review of two interlocutory orders entered by the chancellor in cases pending in Union County. One of them denied the petitioner the privilege of being sued for divorce in Duval County and the other restrained her from prosecuting a suit for separate maintenance in the same county.

Hereafter, in the interest of simplicity, we will refer to petitioner as the wife and to respondent as the husband.

The husband filed bill for divorce in Union County and in it alleged that he was resident in Duval County and that the wife was a resident of Buncombe County, North Carolina. She was required to appear November 6, 1939, which she did by her solicitors. The following rule day she filed a motion to dismiss which embraced a plea of privilege. The pleading was immediately attacked by motion to strike and demurrer and one of the orders questioned in this proceeding was entered not only denying the mo-

tion to dismiss the bill .but also sustaining the attacks on the plea of privilege. In this fashion is presented the first question involving the soundness of the wife's position that she should be vouchsafed the right to defend against the divorce suit in Duval County.

Although pleas have been abolished and the defense should have been incorporated in an answer and determined by the chancellor at a separate hearing, if in his discretion that appeared advisable (Sec. 33, Subsection 2, 1931 Chancery Act) no objection was made to the manner of Presentation, so we will dispose of the matter on its merits.

Exposition of rule 34 lately adopted to regulate the review of interlocutory orders appears in an opinion by Mr. Chief Justice TERRELL in the case of Greater Miami Development Corporation v. M. Sewell Pender and another, decided this term but not yet reported. Reference to the observations in that opinion will dispense with necessity here for further discussion of the functions of the writ of certiorari.

That the substance of this feature of the controversy may be more easily understood, we give a resume of the allegations relied upon by the wife to support her contention that the suit was improperly brought in Union County. She asserted that she and her husband had lived in Duval County continuously for many years and had never resided in the other county; that she had been suffering from tuberculosis for many years and, in search of health and on the advice of her physician, went to Asheville, North Carolina, in March, 1939, where she entered a hospital remaining until the following July; that she then removed to a boardinghouse in the same city; that she stayed there "with the knowledge, consent and assistance" of her husband, returning to her home in Jacksonville in December,

1939; and that none of the acts described in the bill of complaint had been done in Union County.

Upon the interpretation of the provisions of Section 4219 C. G. L. 1927, in the light of the alleged facts must we determine the efficacy of the wife's plea. It is:

"Suits shall be begun only in the county (or if the suit is in the justice of the peace court in the justice's district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is.

"If brought in any county or justice district where the defendant does not reside, this plaintiff, or some person in his behalf, shall make and file with the praecipe of bill in chancery, an affidavit that the suit is brought in good faith, and with no intention "to annoy the defendant. This section shall not apply to suits against non-residents."

To be more specific, we must decide whether a definition of the word "resides" would justify our deciding that the **wife who lived in Jacksonville** for many years and who with the aid and consent of the husband went to a foreign state, known for its beneficent climate, in quest of health, thereupon became a resident of that state so that the husband could sue her for divorce in any county in Florida according to his fancy.

As has been stated in the briefs, this court has found occasion to distinguish between the words "domicile" and "abode," Minick v. Minick, 111 Fla. 469, 149 South. Rep. 483, and said that the latter indicates a living place impermanent in character while the former denotes fixed abode. It was also stated there, further quoting Corpus Juris on the subject, that:

" ' "Residence" as used in various statutes has been considered synonymous with "domicile," but of course this depends upon the intent of the particular statute as ascertained by construction of its provisions. The terms are

not necessarily synonymous. Generally, where a statute prescribed residence as a qualification for the enjoyment of a privilege, or the exercise of a franchise, and whenever the terms are used in connection with subjects of domestic policy, domicile and residence are equivalent.' " 149 South. Rep. 488.

It is settled law in this State that an action for divorce is transitory and this being so one may be instituted in any county of the State, however, the defendant may invoke the statute which secures to him the right to defend in the county of his residence, a right which may in certain circumstances, which we will point out, be very valuable. It is not a question of jurisdiction and, of course, the right may be waived.

It is insisted by the husband that our ruling in McGowin v. McGowin, 122 Fla. 394, 165 South. Rep. 274, was authority for the action of the chancellor in declaring the plea invalid. So it would if we could agree that the wife was a resident of North Carolina. In the cited case the finding of fact was that the defendant resided in a foreign state. Here the wife was encouraged by the husband to go to another state to restore her health and while she was away he sued her for divorce in a county in which neither had lived, on the theory that her residence was established in the state whither an ailing body had driven her.

The injustice which would inevitably result from such a doctrine is obvious. Usually the purse strings of the family fortune are in the fingers of the husband. He would be enabled to send his wife forth on some mission or other and, having assented to her going, institute suit in a distant county where she would be compelled to defend far from friends and advisers, the while dependent on court orders there for finances necessary to the presentation of her case. If she voluntarily absented herself and estab-

lished her residence elsewhere her petition to be sued in the home she left would fall on deaf ears, as in McGowin v. McGowin, *supra,* but proof of the wife's plea in this case would, we decide, secure to her the right to present her defense in Duval County. In these circumstances, we do not encourage the husband in his assertion that her domicile was in Jacksonvllie, her residence in Asheville and that, despite his contribution toward sending her thence to recover her health, he can profit thereby and prosecute a suit for divorce in a county where neither has ever lived. In a far-flung state the consequences of such a ruling would be decidedly unjust.

It is our order that the ruling on the motion to strike and demurrer to the pleas of privilege be reversed and that if the facts alleged be established by proof the bill be dismissed.

The second order involved in this proceeding is one entered by the same chancellor restraining the wife from prosecuting in the Circuit Court of Duval County her suit for separate maintenance filed there December 21, 1939. This gives rise to the question remaining for our consideration, namely, the right to prosecute such a suit when one for divorce is pending in another county.

It seems clear that adjudication of the claim for separate maintenance can be more practically and expeditiously adjudicated in a suit for divorce if one be, at the time, pending, and that proper practice dictates that such procedure should be followed. Oyama v. Oyama, 138 Fla. 422, 189 South. Rep. 419.

In the instant case the claim of the wife should be interposed in the suit for divorce whether it continues in the court in Union County upon failure to substantiate the plea of privilege, or is instituted in Duval County, should the plea prevail.

Of course, if the bill in Union County is dismissed on the proof of the plea and in accordance with this decision, the injunction, which is ancillary thereto, will be dissolved and the wife may proceed with her action for separate maintenance. Should the husband institute his divorce suit in Duval County an order consolidating the two suits should be entered by the chancellor there. Section 20, 1931 Chancery Act.

It is so ordered.

Reversed.

TERRELL, C. J., WHITFIELD, BROWN, and BUFORD, J. J., concur.

CHAPMAN, J., dissents.