KATHERINE MEINHARDT FRITZ, Defendant Below, Appellant, v. WILLIAM GEORGE FRITZ, Plaintiff Below, Appellee.

(*December* 19, 1962.)

SOUTHERLAND, C. J., WOLCOTT and TERRY, J. J., sitting.

*Aaron Finger* (of Richards, Layton and Finger) and *John M. Bader* (of Bader and Biggs) for appellant.

*David Snellenburg, II* (of Killoran and Van Brunt) for appellee.

Supreme Court of the State of Delaware, No. 51, 1962.

WOLCOTT, Justice.

This is an appeal from a final judgment of divorce entered at the suit of the husband. The appeal presents solely the question of the jurisdiction of the Superior Court to grant a divorce under the circumstances of this cause.

The husband, plaintiff below, is a Colonel in the regular Army of the United States, and has been on continuous active duty since his graduation from the Military Academy in 1933. Prior to July 3, 1959 the plaintiff had been stationed, pursuant to orders, at a number of different Army posts, both foreign and domestic. On July 3, 1959, by regular assignment of duty, he was stationed in Delaware as Army Advisor to the Delaware National Guard. Upon his arrival in Delaware the plaintiff established a residence in an apartment house in Wilmington and thereafter moved to another apartment. His mailing address was a post office box. Up to this time he had never lived in Delaware.

As far as appears from the record before us, the plaintiff had not purchased a home in Delaware; had not registered his automobile in Delaware; had not voted in Delaware; had not paid his taxes in Delaware; and, in short, had taken no action to evidence any intent other than residing here pursuant to his military orders.

The defendant wife, after contesting the action, appeals from the judgment of divorce on the ground that the Superior Court of Delaware had no jurisdiction over the marriage of the parties because the plaintiff had never acquired a domicile in Delaware. She argues that jurisdiction to dissolve a marriage is acquired only through the domicile of the parties, which carries with it jurisdiction over the marriage itself.

By 13 *Del. C.* § 1527, when a defendant cannot be served

personally in the State of Delaware, jurisdiction for the purposes of divorce is conferred upon the Superior Court "when at the time of the commencement of the action the plaintiff is a *bona fide* resident of this State." The meaning of the phrase "*bona fide* resident" was defined in *Cohen v. Cohen,* 3 Boyce, 361, 84 A. 122, as requiring something more than a mere residence and as the equivalent of a domicile.

The requirement that jurisdiction over divorce depends upon domicile of the spouses thus found in the Delaware statute is in accord with the general law which is that jurisdiction to award a divorce depends upon jurisdiction over the *res,* a marriage status, which follows the domicile of the spouses. It is necessary, therefore, in order to place the *res* within the State that the domicile of at least one of the spouses be within the State. 17 *Am. Jur.,* Divorce and Separation, § 280; 27A *C. J. S.* Divorce § 71; *Ainscow v. Alexander,* 28 Del. Ch. 545, 39 A. 2d 54.

In *New York Trust Co. v. Riley,* 24 Del. Ch. 354, 16 A. 2d 772, a domicile is defined as a dwelling place with the intention to make that place the resident's permanent home. It requires a concurrence of the fact of living at a particular place with the necessary intention of making that the permanent home. Absent this intent, no domicile exists at the place of living. And see *Restatement,* Conflicts, § 15.

Thus, in the case at bar, the plaintiff, to support the jurisdiction of the Superior Court to award him a divorce, must affirmatively show that he was domiciled in Delaware, that is, that he lived in Delaware with the intention of making Delaware his permanent home.

The plaintiff contends that he acquired a Delaware domicile by reason of his residence here, even though he removed to this State pursuant to military orders. There may be a presumption that the place where a person actually lives is his domicile, particularly when he has only one place of

abode, but that presumption does not apply in the case of a person who, pursuant to orders of the military, acquires a residence in order to carry out his orders. Such a person may still acquire a domicile at his new residence, but to do so he must form the necessary intent to make that residence his permanent home. His specific intention with respect to this is always a matter of proof. 2A *Nelson on Divorce and Annulment* (1961 Rev.), § 21.25; *Restatement,* Conflicts, § 21, comment c. illus. 3; *Allder v. Hudson,* 9 Terry 489, 106 A. 2d 769, 46 A. L. R. 2d 1237.

We think that the mere showing by this record of a change of residence to the State of Delaware pursuant to military orders does not carry with it presumptively a change to Delaware of the domicile of the plaintiff. He therefore must be considered to have retained his original domicile until the change of that has been affirmatively shown. There is nothing in this record to establish such a change and, therefore, the necessary factual basis for the jurisdiction of the Superior Court over this marriage is absent.

The plaintiff argues, however, that the admission by the wife in her answer, that he had been a resident of Delaware for two years preceding the commencement of the action, supplied the lack of proof in this regard. He further argues that, had he known the wife was contesting the jurisdiction of the court, such proof could have been shown affirmatively, thereby establishing the jurisdiction of the Superior Court.

It is true that the wife admitted the fact of the residence of the plaintiff as alleged in the complaint. But in the same pleading, the wife raised by motion to dismiss, as an affirmative defense, the Superior Court's lack of jurisdiction.

Furthermore, following the trial the question of jurisdiction of the Superior Court was briefed through the medium of an exchange of letters by counsel for the parties, and was

decided adversely to the wife by the Superior Court. We think, therefore, that not only was the plaintiff put on notice of the contest by the wife of the jurisdiction of the Superior Court, but that that question was affirmatively pressed and decided against the contention of the wife.

Whether or not, therefore, the plaintiff husband could have produced proof of his intention to acquire a domicile in Delaware or not is immaterial. This record is bare of any such proof. It is necessary affirmatively for a person, even in an uncontested divorce action, to affirmatively establish the jurisdiction of the court. 3 *Nelson on Divorce and Annulment* (2d Ed.), § 26.13. Jurisdiction over the marriage *res* cannot be consented to by the parties absent the facts necessary to support such jurisdiction. *Ainscow v. Alexander, supra.*

We therefore have no alternative but to reverse the judgment of divorce entered below for lack of jurisdiction in the Superior Court over this marriage.

Whether or not the plaintiff can remedy the deficiencies in his proof in the current action by the bringing of a subsequent action, or whether or not he can petition for redress under the appropriate rule of the Superior Court (Rule 60), *Del. C. Ann.*, are questions not before us, and we accordingly express no opinion upon them.