**Lois CHAPMAN, Petitioner,**

v.

**Jack R. PARR, District Judge, Respondent.**

**No. 46901.**

Supreme Court of Oklahoma.

April 16, 1974.

Howard K. Berry, Berry & Berry, Oklahoma City, for petitioner.

R. D. Looney, of Watts, Looney, Nichols, Johnson & Hayes, Oklahoma City, for respondent.

SIMMS, Justice:

Petitioner, plaintiff in the trial court, asks this Court to assume original jurisdiction and issue a writ of prohibition against respondent judge, prohibiting the transfer, by judicial order, of a divorce case from Oklahoma County, Oklahoma, to Creek County, Oklahoma, under the doctrine of forum non conveniens.

Application to assume original jurisdiction granted. Writ of Prohibition Issued.

The decisive issue in these proceedings, succinctly put, is: "Should the doctrine of intrastate forum non conveniens be applied in Oklahoma to divorce actions?"

The pleadings on file in this Court show the parties to the action in the trial court, husband and wife, have been married twenty-eight years, and have resided in

Creek County since the inception of the marriage. They have three grown children.

Petitioner/wife moved to Oklahoma County more than thirty days next preceding the filing of her petition for divorce in Oklahoma County.

Seven days after plaintiff/wife filed her action in Oklahoma County, and obtained service on defendant/husband in Creek County, defendant/husband filed his petition for divorce in Creek County and obtained service on the wife.

Both parties, with their attorneys, appeared before respondent judge for hearing on defendant/husband's "Special Appearance, Plea to Jurisdiction, Objection to Venue, and Motion to Quash Summons." The defendant/husband alleged:

"Plaintiff is not a bona fide resident of Oklahoma County, and was not for thirty days preceeding the filing of the petition. She was, in fact, a citizen and resident of Creek County. The defendant would also move the court to transfer this cause to the District Court of Creek County for the additional reason that that County would be a more convenient forum in which to try the case. The witnesses, records, evidence, and all other facts are available in Creek County and nowhere else; therefore, it would be impossible to have a fair and complete trial in Oklahoma County."

Following a hearing, respondent judge made a judicial finding that petitioner/wife had established a bona fide residence in Oklahoma County more than thirty days next preceding the filing of her petition. There is no evidence before this Court to show that the respondent judge erred in his holding that petitioner had, in fact, established her residence in Oklahoma County for the time required by 12 O.S.1971, § 1272.1, and the bare allegations contained in the briefs are not sufficient to override the trial court's finding of fact as to residency.

Defendant/husband then moved to transfer the case to Creek County pursuant to the doctrine of intrastate forum non conveniens as enunciated in Gulf Oil v. Woodson, Okl., 505 P.2d 484 (1972); and as relied on in Simpson v. Woodson, Okl., 508 P.2d 1069 (1973); and, St. Louis-San Francisco Railway Co. v. District Court of Creek County, Okl., 512 P.2d 170 (1973).

The doctrine of intrastate forum non conveniens in the State of Oklahoma had its genesis in Gulf Oil v. Woodson, *supra,* wherein we said:

"Under the common law a court could refuse to exercise its jurisdiction where the case could be more appropriately and justly tried at another location. * * * We have a few specific venue statutes. However, we have found nothing in our Constitution and Statutes which deprives our courts of that privilege [and emphasis] *where the action is transitory* and there is a *plurality* of counties which have venue." (emphasis added)

■ Under the rationale of Gulf Oil v. Woodson, *supra,* in order for the doctrine of intrastate forum non conveniens to be applicable to any action pending in any county of the state, two essential elements are necessary: (1) The action must be transitory; (2) There must be a plurality of counties which have venue.

Venue in divorce cases is governed by 12 O.S.1971, § 1272.1, which gives to plaintiff the right to commence the action in a county in which the plaintiff has been a resident for thirty (30) days immediately preceding the filing of the petition or in the county in which the defendant is a resident.

■ Transitory actions are founded on causes of personal character, and may be laid where *the defendant is found.* Local actions, as distinguished from transitory actions, are founded on causes that necessarily refer to locality, and must be laid in the county of the subject matter. First Nat. Bank of Seminole v. Henshaw, 169 Okl. 49, 35 P.2d 898, 901 (1934), quoting State ex rel. Logan v. Graper, 155 Tenn. 565, 4 S.W.2d 955 (1927).

A clear reading of 12 O.S.1971, § 1272.1 does not cause the action to be brought "where the defendant is found," but on the contrary, this section gives the plaintiff a right to bring the action for divorce where the plaintiff has been a resident for thirty days, or, in the alternative, in the county in which the defendant is a resident. The statute, by its very verbage, refers to one of two localities, rather than to where a defendant may be found.

*Gulf, supra,* recognizes the distinction between general venue statutes, upon which *Gulf* was written, and "a few specific venue statutes." Can it be successfully argued that 12 O.S.1971, § 1272.1 is anything other than a specific venue statute?

If § 1272.1 is specific in nature, there cannot exist that "plurality of counties" which is a condition precedent to the invocation of intrastate forum non conveniens. Conceding that the word "plurality" may mean more than one, nevertheless, *Gulf* clearly indicates that the "plurality" feature necessary to invoke intrastate forum non conveniens was never intended to reach into the area of domestic relations, an area where the legislature has statutorily fixed venue with specificity.

Even a cursory reading of *Gulf* leads one to the inescapable conclusion that *Gulf* was intended to reach only "venue questions in *transitory tort actions.*" The author of *Gulf,* in addressing himself to the power of this Court to treat the subject of intrastate forum non conveniens, wrote at page 488 of 505 P.2d:

> "In enacting the Code of Civil Procedure the Legislature specifically provided in Section 2 thereof, now 12 O.S. 1971, § 2, that the common law as modified by constitutional and statutory law, judicial decisions and the conditions and wants of the people, shall remain in force in aid of the general Statutes of Oklahoma."

Herein, we neither aid a general statute of the State of Oklahoma because of the existence of a specific statute, nor do we modify common law by judicial decision, because in fact, divorce was not recognized at common law.

Oklahoma has never pointedly decided the question of whether a divorce action is "transitory" in nature, or "local".

■ At first blush, decisions from our sister state of Kansas, as well as from the states of Florida and Delaware, seem to indicate that a divorce action is "transitory" in nature as opposed to being "local". However, a close examination of the decisions from the above named states leads one to a contrary conclusion, i. e. that divorce actions in Oklahoma are "local".

It is to be initially emphasized that the doctrine of forum non conveniens was not involved in any cases from these jurisdictions.

In Fritz v. Fritz, 5 Storey 328, 55 Del. 328, 187 A.2d 348, 349 (1962), a Colonel in the regular army, after having been stationed in numerous places in the United States and abroad, was transfered, on regular assignment, to a station in Delaware. He had never been in Delaware before that. At the time he commenced the divorce action in one of the Superior Courts of the State of Delaware on the theory that he was "a resident" of Delaware, he was living in a rented apartment, and had not registered to vote in Delaware, nor had he registered his automobile in Delaware, nor had he paid taxes in Delaware. Apparently, the defendant wife was not a resident of Delaware and was not in the State when the divorce action was commenced. She unsuccessfully attacked the jurisdiction of the court to grant her divorce to the plaintiff, and appealed from the judgment granting the divorce to the plaintiff, renewing her plea to the jurisdiction of the trial court. In reversing the judgment for want of jurisdiction to grant a divorce, the Supreme Court of Delaware said, at page 349 of the opinion:

> "By 13 Del.C. § 1527, when a defendant cannot be served personally in the State of Delaware, jurisdiction for the purposes of divorce is conferred upon the Superior Court 'when at the time of the

commencement of the action the plaintiff is a *bonafide* resident of this State.' The meaning of the phrase *'bonafide* resident' was defined in Cohen v. Cohen, 3 Boyce 361, 84 A. 122, as requiring something more than a mere residence and as the equivalent of a domicile. (emphasis by the court)"

"The requirement that jurisdiction over divorce depends upon domicile of the spouses *thus found in the Delaware statute* is in accord with the general law which is that jurisdiction to award a divorce depends upon jurisdiction over the res, a married status, which follows the domicile of the spouses. It is necessary, therefore, in order to place the res *within the State* that the domicile of at least one of the spouses be within the State. 17 Am.Jur., Divorce and Separation, § 280; 27A C.J.S. Divorce § 71; Ainscow v. Alexander, 28 Del.Ch. 545, 39 A.2d 54." (emphasis supplied)

If "domicile", as used in the Delaware statute is a jurisdictional requirement for divorce in Oklahoma, it is because 12 O.S. 1971, § 1272 provides basically that either the plaintiff or the defendant in action for divorce must have been an actual resident, in good faith, of the State, for six months next preceding the filing of the petition. The Oklahoma Statutes are entirely different from those in Delaware. We can only conclude that the Delaware case is not at all in point on the question of whether or not an action for divorce is "transitory" with respect to counties within the State.

In Evans v. Evans, 141 Fla. 860, 194 So. 215, 217 (1940), the parties had been residents of a county in Florida for a number of years. On account of ill health, the defendant wife lived in another state for a few years, with the consent and approval of the husband, and then returned to "A" county in Florida. The husband then commenced an action for divorce in "B" county, Florida, although neither party had ever been a resident of that county. The wife sought to invoke the Florida statute which secured to her the right to defend in the county of her residence claiming "A" county as her residence. The plaintiff contested this on the grounds that she had established her residence in the other state and was not a resident of "A" county.

The Florida court held:

"It is settled law in this State that an action for divorce is transitory and this being so *one may be instituted in any county of the State,* however, the defendant may invoke the statute which secures to him the right to defend in the county of his residence, a right which may in certain circumstances, which we will point out, be very valuable. It is not a question of jurisdiction and, of course, the right may be waived." (emphasis supplied)

The real question in the Florida case was whether or not the defendant wife was a resident of "A" county and therefore, entitled to defend the action in that county. That is not at all the situation in the present case. Clearly, under the pertinent Oklahoma Statute (12 O.S.1971, § 1272.1), an action for divorce may not be instituted in any county of the state chosen by plaintiff.

Looking to our sister state of Kansas, we find statutes almost as broad as the statutes in the State of Florida. The particular Kansas statutes are, G.S.1935, 60–508, and G.S.1935, 60–1502, which provide:

"An action for a divorce, or to annul a contract of marriage, or for alimony, may be brought in the county of which the plaintiff is an actual resident at the time of filing the petition or where the defendant resides *or may be summoned.* (emphasis supplied)

"The plaintiff in an action for divorce must have been an actual resident in good faith of the state for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed, *unless the action is brought in the county where the defendant resides or may be summoned.*" (emphasis supplied)

Under the above last quoted section (60–1502) an action for divorce is local in character to some extent, but not entirely, in that it must be brought in the county in which the plaintiff is a resident at the time the petition is filed, UNLESS it is brought in the county where the defendant resides or may be summoned, as authorized in the other quoted section (60–508).

In Wible v. Wible, 153 Kan. 428, 110 P. 2d 761 (1941), the Supreme Court of Kansas, after noting that under the above cited statutes, an action for divorce might be brought "in the county of plaintiff's residence, or in the county of defendant's residence, or in any other county where the defendant might be summoned" wrote, at page 763 of their opinion:

"* * * It is thus apparent the district court of any county in the state might acquire jurisdiction. In other words, it is clear it was not intended the action must be local in character but that it might be transitory as well. The legislature did, however, fix the venue of such actions, and this venue must be followed if the defendant objects to any other."

However, it is to be noted that, under both sections of the Kansas statutes, the plaintiff in an action for divorce may, in spite of the provisions for bringing such an action in the county of which the plaintiff is an actual resident at the time the petition is filed, or in the county where the defendant resides, bring the action in *any county in the state where defendant may be summoned*. It would be hard for an action to be any more "transitory" than that, unless, as in the Florida case, it could be brought "in any county of the state."

Under the Oklahoma statute, if, but only if, the defendant is a resident of the county other than the one in which the plaintiff has been a resident for thirty days immediately preceding the filing of the petition, the plaintiff has a choice between those two counties, but if the situation be otherwise, the action *must* be brought in the county in which the plaintiff has been a resident for thirty days immediately pre-

ceding the filing of the petition. Concluding that the legislature of Oklahoma, has by enactment of the divorce venue statute, localized divorce, we again turn ourselves to the application of the doctrine of forum non conveniens to a divorce case.

■ The doctrine of intrastate forum non conveniens is a doctrine applied to common law action. Gulf Oil v. Woodson, *supra*. Divorce was not recognized at common law where divorces were either ecclesiastically or legislatively granted. Today, the right to divorce is recognized as purely a creature of statute. *See*: Irwin v. Irwin, 2 Okl. 180, 37 P. 548 (1894). The recognized power of the legislature should not be overturned by the extension of a doctrine that was conceived as a solution to a common law problem.

■ The venue statutes for divorce is sui generis. It is evident that the legislature did not intend the general venue statutes to apply to divorce actions since it specifically fixed the venue in divorce cases. Under our divorce venue statute, the defendant is not given the right to have the case transfered to the county wherein he resides. Nor does *Gulf, supra,* require that divorce be subject to the doctrine of forum non conveniens. Thus, the legislature, by specifying the venue in divorce actions shall be in the county of the residence of the defendant, or in the county where plaintiff has maintained a residence for at least thirty days, has, as we have analyzed, localized divorce, recognizing the peculiar property rights therein. Unlike the general venue statutes, the divorce venue statute gives the plaintiff the right to bring the action at the plaintiff's place of residence. The time for establishing the residence is relatively short, perhaps in recognition of the value of plaintiff's "property rights" in the marital relationship which is the res of the action.

This Court should not extend the venue statutes beyond those limitations intended by the legislature, nor, should this Court effectively overrule legislative intent manifest in the specific divorce venue statute

by judicial fiat. Nor, should this Court deprive the plaintiff of her legislatively granted right to bring and maintain the divorce action in a county where she has been judicially decreed to have met residency requirements.

We therefore assume original jurisdiction and grant writ of prohibition.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BARNES and DOOLIN, JJ., concur.

BERRY, HODGES and LAVENDER, JJ., dissent.

HODGES, Justice (dissenting).

In each instance where we have invoked the doctrine of forum non conveniens the case was originally filed in a jurisdiction some distance away from where the cause of action arose and the parties and witnesses resided.

In this case we have only two aspects which differ. The action involves a suit for a divorce and the plaintiff resides in Oklahoma County. Query: Are these factors sufficient to deny the application of the doctrine? I think not.

While I am of the opinion that the doctrine of forum non conveniens should only be sparingly invoked and that a mere inconvenience is not a sufficient reason for denying its application, the factors present in the instant case are compellingly persuasive to invoke its application.

The parties were married in Creek County, and had lived there as husband and wife during their entire twenty-eight years of marriage. Their children were raised in Creek County. All of their jointly acquired property, which includes their residence, farms and rent houses, are in Creek County. On the other hand, Plaintiff's only connection with Oklahoma County is that she lived with a "friend" in Oklahoma County a sufficient amount of time to establish a legal residence.

The majority opinion also restricts the doctrine to transitory actions, and then attempts to show that divorce actions are not transitory. Assuming arguendo this should be an essential requirement, then in my opinion divorce actions are transitory. Transitory actions are founded on causes of personal character, and may be laid where the defendant is found. Local actions, as distinguished from transitory actions, are founded on causes that necessarily refer to locality, and must be laid in the county of the subject matter. First Nat. Bank of Seminole v. Henshaw, 169 Okl. 49, 35 P.2d 898, 901 (1934), quoting State ex rel. Logan v. Graper, 155 Tenn. 565, 4 S.W.2d 955 (1927). Jurisdiction over the "res", the marriage status, follows the domicile of the spouses. Evans v. Evans, 141 Fla. 860, 194 So. 215, 217 (1940); Wible v. Wible, 153 Kan. 428, 110 P.2d 761 (1941); Fritz v. Fritz, 55 Del. 328, 187 A.2d 348, 349 (1962). See also 27A C.J.S. Divorce § 83 p. 284. Wible v. Wible, 110 P.2d p. 763, supra, holds that the legislature in fixing venue for divorce actions had in mind "the convenience of the parties."

If the theory of forum non conveniens has any merit surely the facts in this case justify its application. I see no logical reason for applying the doctrine to transitory tort actions and not applying it to divorce actions.

I am authorized to state that BERRY and LAVENDER, JJ., concur in the views herein expressed.