STATE *ex rel.* MRS. C. A. LOGAN, ETC., *v.* MRS. LENA H. GRAPER *et al.*

(*Jackson.* April Term, 1927.)

Opinion filed July 16, 1927.

1. **GUARDIAN AND WARD. Testamentary guardian. Domicile.**

The testamentary guardian entitled to the custody, and having custody of the ward, the domiciliary residence of both is that of the guardian. (Post, p. 568.)

Citing: Lamar v. Miciou, 112 U. S. 452; Ward v. Roper, 7 Humph., 111; 28 C. J., 1109; 19 C. J., 414.

2. **SAME. Same. Removal of guardian. Venue.**

The chancery court of the county in which the will is probated, and where the guardian qualified, is without jurisdiction upon process issued to another county, the residence of the guardian and ward to remove such guardian, where the local jurisdiction of the chancery court is challenged by a plea setting forth that the guardian was not appointed by any court of this State, but was appointed by will as testamentary guardian of the ward, and that the appointment was made while both were residents of another county, where they resided at the time of testator's death, and where they have continued to reside and where the defendant fixed her domicile. (Post, p. 568.)

Citing: Sec. 6108, Shannon's Code; 37 C. J., sec. 376, p. 1116.

3. **SAME. Same. Same. Same.**

In the absence of statute regulating venue in actions against guardians, the general law governs, for without a controlling statute, the character of the parties, whether natural or artificial, in belonging to some distinct class, in nowise gives character to the action. (Post, p. 569.)

Citing: 37 R. C. L., sec. 10, page 787; Burger v. Parker, 290 S. W., 22.

4. SAME. Same. Same. Same.

Equitable proceedings usually follow the law in determining venue, and venue is controlled in actions not localized by statute, or by the nature of the subject-matter by the residence of the parties. (Post, p. 569.)

Citing: Sections 4513, 4514, Shannon's Code.

## FROM HENDERSON.

Appeal from the Chancery Court of Henderson County.—Hon. Tom C. Rye, Chancellor.

T. A. Lancaster, Wm. Waller and Seth Walker, for appellant.

John F. Hall, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed in the Chancery Court of Henderson County to remove Mrs. Lena H. Graper, guardian of Henry E. Graper, Jr., and appoint another as her successor. She has challenged the local jurisdiction of the Chancery Court of Henderson County by plea setting forth that she was not appointed guardian by any court of this State, but was appointed by the will of her husband, Henry E. Graper, Sr., as testamentary guardian for the testator's son, Henry E. Graper, Jr.; and that the appointment was made while she and the ward resided in Shelby County, where they resided at the time of the testator's death, and where they have continued to reside, and where the defendant fixed her domicile.

It is averred in the plea that process from the Chancery Court of Henderson County was served upon her

while she was in Shelby County. Issues were joined on the plea, proof heard and the Chancellor dismissed the complainant's action because laid in the wrong venue. We use the term venue to distinguish the question presented by the plea from jurisdiction, or power over the subject-matter, because the Chancery Court has jurisdiction of the subject-matter. Section 6108, Shannon's Code. The plea only challenges the right of complainant to fix the locality of trial contrary to the laws regulating venue or local jurisdiction, and the question presented is whether the action is local or transitory.

It is urged by complainant that the action is local to Henderson County because that county was the testator's domicile when his will was probated, and the guardian procured letters of guardianship from the County Court there.

The defendant was appointed testamentary guardian without bond by the provisions of her husband's will, and in observance of Section 4261, of Shannon's Code, she procured letters of guardianship from the county of her husband's domicile, it being the county where the will was probated. The principal bequest to the ward was not entrusted to the guardian but was lodged with the Fourth & First National Bank of Nashville, Tennessee, as trustee, with full power to control the fund during the ward's minority. The trustee accepted and is administering the trust in the county of its residence. The guardian was given custody of the ward and control over an annual allowance provided by the will for his support and maintenance, and the will authorizes her to use this annual allowance for his benefit according to her discretion, and she administers her trust in Shelby County.

The subject of this action is the custody of the ward and control of the annual allowance for his maintenance and

education. It appears from the evidence that the testator's family resided at Memphis at the time of his death, but being engaged in business at Lexington that he maintained his domicile there. Upon his death his will was probated in Henderson County, and defendant, his testamentary guardian, thought residing in Memphis, procured letters of guardianship from the County Court of Henderson County. After doing so the guardian and ward continued to reside in Memphis, and the guardian adopted Shelby County as her domicile. She as the testamentary guardian, was entitled to the custody of her ward (*Lamar* v. *Miciou,* 112 U. S., 452; *Ward* v. *Roper,* 7 Humph., 111, 28 C. J., 1109), and having custody, his domiciliary residence was also in Shelby County. 19 C. J. 414.

We are not considered the power of the County Court of Henderson County to call to an accounting Mrs. Graper as a statutory guardian who accepted appointment by decree of that court, but have before us the question as to the independent exercise of jurisdiction by the Chancery Court of Henderson County to remove her as testamentary guardian residing with her ward in Shelby County upon process issued from Henderson county to Shelby County. Ordinarily, the Probate Court from which the guardian accepts appointment would be compelled to render an accounting to that court upon the theory that by acceptance of the appointment. the appointee becomes a *quasi*-official of the court. *Usry* v. *Usry,* 82 Ga., 192. But a court of equity of the county in which the letters of guardianship were granted by a court of independent jurisdiction, cannot assume jurisdiction to call a guardian resident of another county to an accounting. 37 C. J., sec. 376, page 1116.

In the absence of Statute regulating venue in actions against guardians, the general law governs, for without a controlling Statute the character of the parties, whether natural or artificial, or belonging to some distinct class, in nowise gives character to the action. 27 R. C. L., sec. 10, page 787.

Local actions are founded on causes that necessarily refer to locality. Transitory actions to causes of a personal character. Local actions must be laid in the county of the subject-matter. Transitory actions being personal may be laid where the defendant is found. The distinction between local and transitory actions, and the application of principles controlling the venue of each is very clearly stated in the opinion of Mr. Justice McKINNEY, in *Burger* v. *Parker,* 290 S. W., 22.

The subject of the action, that is the nature of the thing toward which the remedy is directed, determines whether the action is local or transitory, as indicated in that opinion. Here the subject of the action is the custody of the ward and control of the annual allowance for his maintenance. It is personal to the parties interested, and there is nothing to localize the action, not even the fact of the guardian being a *quasi*-official of the court in which complainant's bill was filed. Equitable proceedings usually follow the law in determining venue, and venue is controlled in actions not localized by Statute, or by the nature of the subject-matter by the residence of the parties.

Section 4513 of Shannon's Code, provides that in all transitory actions the right of the action shall follow the person of the defendant unless otherwise expressly provided. Section 4514 provides that if the plaintiff and the defendant reside in the same county the action shall

be brought in the county of their residence. We have no Statute localizing actions of this character, hence the foregoing Statutes must control.

Where the local jurisdiction of the court is challenged by proper plea in abatement, as was done in this cause, the action must be abated.

Affirmed.