HARRIS *v.* HARRIS.

(*Knoxville,* September Term, 1949. )

(May Session, 1950.)

Opinion filed June 9, 1950.

HARRY T. BURN, of Sweetwater, for appellant.

WATKINS & WATKINS, of Loudon, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an action between twin brothers for the personal property of their dead mother. Elmer Harris, the complainant, was appointed administrator of his mother's estate by the County Court of Monroe County, some time after her death on the 31st of October, 1949. Less than a month later, in November 1949, in the Chancery Court of Monroe County, Elmer Harris, individually and as administrator, filed the original bill in this cause, against his brother, Elbert Harris, who was then temporarily in Loudon County, but who is a resident and citizen of Tulare County, California.

The bill prayed: (1) That proper process issue to Loudon County, where the defendant is temporarily residing, and that he be required to answer under oath. (2) That complainant have and recover of the defendant, the assets belonging to the estate of the mother. (3) That an order be entered transferring the administration

of the estate from the County Court, and an injunction issue restraining filing of other suits in any Court other than the Chancery Court of Monroe County. (4) That a writ of *ne exeat* issue ''detaining the person of Elbert Harris in order to compel him to perform the decree of this Court, and directing him to leave the State of Tennessee without leave of this Court.''

Upon filing of the bill, a Judge of McMinn County signed the fiat and a Deputy Sheriff, apparently of Monroe County, found the defendant in Loudon County, and there served him with subpoena to answer, a copy of the bill, and the writ of *ne exeat*.

Defendant made bond before the Sheriff of Loudon County, and later filed a plea in abatement in the Chancery Court in Monroe County. The Chancellor sustained the plea in abatement and the complainant has appealed.

As is clear from the prayers of the bill, this is a transitory action for the recovery of personal property, no part of which is alleged in the bill to be in Monroe County, and the bill specifically alleges that the only defendant was temporarily in Loudon County. Under these undisputed facts, the service of process on the bill and the service of the writ of *ne exeat* were clearly void. Being void *ab initio*, no validity could be given by later act of the parties.

''In all transitory actions, the right of action follows the person of the defendant, unless otherwise expressly provided.'' Code, Section 8640.

This section applies to suits in Chancery. *State ex rel. Logan* v. *Graper*, 155 Tenn. 565, 569, 4 S. W. (2d) 955.

''The court of chancery acts ordinarily in personam, and suit may be instituted whereever the defendant, or

any material defendant, is found, unless otherwise prescribed by law." Code, Section 10383.

"The bill may be filed in the county in which the defendant or a material defendant resides, and if, upon inquiry at his residence, he is not to be found, he may be proceeded against by publication or judicial attachment." Code, Section 10388(1).

"Where goods or chattels are wrongfully seized or detained, the owner may institute an action of replevin in the circuit or chancery court against the person so seizing or detaining the same." Code, Section 9283.

"The action may be brought in any county in which the goods and chattels, or any part of them, are, or in which either of the defendants may be found." Code, Section 9284.

Since the foregoing is conclusive of the correctness of the Chancellor's action in sustaining the plea in abatement, we find it unnecessary to consider at length, the further fact appearing on the face of the bill, that the Chancery Court had no jurisdiction of the cause since the County Court had exclusive jurisdiction of the administration of the estate, and no one of the exceptions (Sizer's Pritchard on Wills, sec. 47) which could give the Chancery Court jurisdiction, was presented by the bill.

For the reason stated, the decree of the Chancellor is in all respects affirmed at the cost of the complainant.

All concur.