IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JULY 31, 2009

## IN RE: THE CONSERVATORSHIP OF ANNETTE H. CROSS

**Direct Appeal from the Probate Court for Shelby County**
**No. C-2645     Robert Benham, Judge**

**No. W2008-02122-COA-R3-CV - Filed October 8, 2009**

Appellant previously acted as co-conservator of respondent's estate and person.  He was removed from this capacity due to difficulties with his co-conservator cousin.  Appellant sought to be renamed conservator of respondent's estate, but the trial court instead appointed an independent conservator citing Appellant's previous removal as conservator, the distance Appellant lives from respondent, and the fact that Appellant's mother is currently acting as conservator of respondent's person.  Finding no abuse of discretion in the trial court's appointment of Robert T. Condo as conservator of respondent's estate, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Probate Court Affirmed**

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Mark J. Downton, Nashville, TN, for Appellant Cleveland Gibbs

Scott P. Peatross, Memphis, TN, for Appellee

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

A "Petition for the Appointment of Conservator of Annette H. Cross" was filed in August of 2000 by Denise Pinson and Cleveland Gibbs ("Appellant"), respondent's niece and nephew, respectively. Following the recommendation of respondent's guardian ad litem, the trial court appointed Denise Pinson and Cleveland Gibbs co-conservators of Cross' estate and person. However, in November of 2001, based upon the persistence of "previously disclosed problems between . . . Denise Pinson and Cleveland Gibbs," the trial court replaced said co-conservators with Tyrone J. Paylor, as independent conservator of Cross' estate, and Theresa Gibbs (respondent's sister and Cleveland Gibbs' mother), as conservator of Cross' person.

In October of 2007, Teresa Gibbs filed a "Motion for Order to Change Conservator and Require Disclosure of Financial Documents" seeking the removal of Tyrone Paylor, and the appointment of her son, Cleveland Gibbs, as conservator of respondent's estate. Cleveland Gibbs also petitioned the trial court to be named conservator of Cross' estate in March of 2008, citing "conflicts . . . between Teresa Gibbs, the conservator of the person, and Tyrone J. Paylor, the conservator of the estate[.]" Mr. Paylor subsequently resigned, and the trial court was left to appoint his successor. Following a hearing on June 3, 2008, the trial court found as follows:

> Cleveland Gibbs is not an appropriate person to be appointed as Conservator of the estate because:
>
> > 1. He served at one point in time in this capacity and had to be removed;
> >
> > 2. He resides a great distance from Memphis, Tennessee;[1]
> >
> > 3. The Court feels that he could not exercise independent judgment for the benefit of the Ward, should there be monetary conflicts between the Ward and his mother.

The trial court then appointed an independent conservator, Robert T. Condo, finding that respondent was unmarried and without children, that neither of her sisters–Teresa Gibbs, nor Barbara Pinson–had requested to be appointed conservator of her estate, and that family friend, Dr. Natalyn Malone, had no experience acting as a conservator and she lived "a great distance from Shelby County[.]"[2] Following the trial court's denial of his motion to alter or amend, Cleveland Gibbs filed a "Notice of Appeal" with this Court on September 19, 2008.

---

[1] Cleveland Gibbs resides in Antioch, Tennessee.

[2] The trial court entered a subsequent order expressly rejecting Charleston Gibbs, husband of Teresa Gibbs, as conservator, and reaffirming its prior order.

## II. ISSUES PRESENTED

Appellant has timely filed his notice of appeal and presents the following issues for review:

1.      Whether the trial court abused its discretion when it disregarded the statutory presumption that favors relatives as conservators;

2.      Whether the trial court abused its discretion when it failed to appoint a guardian ad litem; and

3.      Whether the trial court abused its discretion by failing to protect the ward's estate.

For the following reasons, we affirm the decision of the probate court.


## III. STANDARD OF REVIEW

"[A] petition for the appointment of a conservator requires the lower court to make legal, factual, and discretionary determinations[,]" each of which requires a different standard of review. ***Crumley v. Perdue***, No. 01-A-01-9704-CH00168, 1997 WL 691532, at *2 (Tenn. Ct. App. Nov. 7, 1997). On appeal, a trial court's factual findings are presumed to be correct, and we will not overturn those factual findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d) (2008); ***Bogan v. Bogan***, 60 S.W.3d 721, 727 (Tenn. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. ***Watson v. Watson***, 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citing *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. RR Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999)). We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness. ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)). We review discretionary determinations under an abuse of discretion standard. ***Crumley***, 1997 WL 691532, at *2.


## IV. DISCUSSION

### A. Relatives as Conservators

This Court has described both the role of a conservator, and this Court's review of the trial court's decisions regarding such, as follows:

> A conservator occupies a fiduciary position of trust of the highest and most sacred character. *Grahl v. Davis*, 971 S.W.2d 373, 377 (Tenn. 1998) (citing *Meloy v. Nashville Trust Co.*, 177 Tenn. 340, 149 S.W.2d 73 (1941)). Although the conservator plays a most important fiduciary role, it is significant to note that "the court itself is ultimately responsible for the disabled persons who come under its care

-3-

and protection." *In re Conservatorship of Clayton*, 914 S.W.2d 84, 90 (Tenn. Ct. App. 1995) (citing *Hinds v. Buck*, 177 Tenn. 444, 150 S.W.2d 1071, 1072 (1941); *In re Ellis*, 822 S.W.2d 602, 607 (Tenn. Ct. App. 1991)). (footnote omitted).

The authority, rights and responsibilities of a conservator are not independent of the court. "Conservators act as the court's agent and are under the court's supervision." *Clayton*, 914 S.W.2d at 90. The courts appointing conservators "retain continuing control over guardians and conservators because the persons who accept these appointments become 'quasi-officials' [] of the court appointing them." *Clayton*, 914 S.W.2d at 92 (citing *Logan v. Graper*, 155 Tenn. 565, 4 S.W.2d 955, 956 (1927)).

Following a conservator's appointment, the court may discharge a conservator or modify the duties and authority of the conservator if the court determines the conservator has failed to perform its duties and obligations, or if the court determines the conservator has failed to act in the ward's best interest so as to warrant modification. Tenn. Code Ann. § 34-3-108(a). Because a conservator is in a sense the agent through whom the probate court manages the affairs of a ward, the right to choose its representatives is important to the tribunal. *Monteverde v. Christie*, 23 Tenn. App. 514, 134 S.W.2d 905, 910 (1939). An appellate court, far removed from the scene will be slow, indeed, to substitute its judgment for that of the probate court. *Id.* "The removal of a guardian is largely a matter in the discretion of the Probate Judge and the court's action in this respect is not to be disturbed except upon a clear case of abuse of that discretion." *Id.*

*AmSouth Bank v. Cunningham*, 253 S.W.3d 636, 642-43 (Tenn. Ct. App. 2006); *see also In re Rockwell*, 673 S.W.2d 512, 516 (Tenn. Ct. App. 1983) ("Subject to statutory restrictions, the selection of the person to be appointed guardian is a matter which is committed largely to the discretion of the appointing court, and an appellate court will interfere with the exercise of this discretion only in case of a clear abuse.").

On appeal, Appellant argues that the trial court "disregarded the statutory presumption that favors relatives as conservators." Alternatively, Appellant seems to contend that the best interest of the ward failed to necessitate the appointment of an independent conservator. Said statutory presumption is found in Tennessee Code Annotated section 34-3-103, which provides:

*Subject to the court's determination of what is in the best interests of the disabled person*, the court shall consider the following persons in the order listed for appointment of the conservator:

(1) The person or persons designated in a writing signed by the alleged disabled person;

(2) The spouse of the disabled person;

(3) Any child of the disabled person;

(4) Closest relative or relatives of the disabled person; and

(5) Other person or persons.

**Tenn. Code Ann. § 34-3-103**.  (emphasis added).

Under Tennessee Code Annotated section 34-3-103, in order to appoint a conservator, the trial court must make two determinations: 1) what is in the best interest of the disabled person, considering all relevant facts; and 2) who, under the prioritized list, is the appropriate conservator. *Crumley*, 1997 WL 691532, at *3.  Cleveland Gibbs argues that, as respondent's nephew, he "enjoys a statutory preference for appointment."   However, Robert Condo ("Appellee") contends that because respondent's sisters, Teresa Gibbs and Barbara Pinson, are living, Cleveland Gibbs is not respondent's closest relative, and therefore, is entitled to no statutory priority.

As we stated above, the trial court expressly found that "the best interest of the Ward would be served by there being an independent Conservator of the estate[,]" and that Cleveland Gibbs was "not an appropriate person to be appointed as Conservator of the estate" because he had previously been removed as conservator, he lived in Nashville, and because his mother was acting as conservator of respondent's person.  We are satisfied with the trial court's finding regarding respondent's best interest, and we find no abuse of discretion.  Because any statutory priority of relatives is "[s]ubject to the court's determination of what is in the best interests of the disabled person," we need not address the operation of the priority, namely, whether the statute affords a priority only to the closest *living* relative, or whether it extends to the closest *petitioning* relative.[3]

---

[3] We also decline to address whether nephews are within the class of "closest relatives."  The statute defines "Closest relative" or "Closest relatives" as "the person or persons who are in the level of intestate heirs nearest to the respondent under the Tennessee laws of intestate succession."  **Tenn. Code Ann. § 34-1-101(3)**.  Our intestate succession laws provide that if there is no surviving spouse, issue, parent, or sibling, then "the issue of brothers and sisters take by representation."  **Tenn. Code Ann. § 31-2-104(b)(3)**.  However, Tennessee Code Annotated section 34-3-104(5) provides that a petition for the appointment of a conservator shall contain "The name, mailing address and relationship of the closest relative or relatives of the respondent . . . .  If the respondent has no then living spouse, child, parent or sibling, the petition shall so state and more remote relatives are not to be listed[.]"

## B. *Guardian Ad Litem*

Next, Appellant contends that the trial court erred in failing to appoint a guardian ad litem for respondent. Tennessee Code Annotated section 34-3-108 provides that a conservator may either be discharged, or his duties modified, if the court finds that the respondent is no longer disabled, that it is in the respondent's best interest for the conservatorship to be terminated, or that the conservator has failed either to perform his duties or to act in the respondent's best interest. Said statute states that upon receiving a petition for discharge or modification, a hearing shall be conducted, wherein "the disabled person has all the rights set out in § 34-3-106." **Tenn. Code Ann. § 34-3-108(c)**.

Tennessee Code Annotated section 34-3-106 provides:

The respondent has the right to:

(1) On demand by respondent or the guardian ad litem, a hearing on the issue of disability;

(2) Present evidence and confront and cross-examine witnesses;

(3) Appeal the final decision on the petition;

(4) Attend any hearing; and

(5) Have an attorney ad litem appointed to advocate the interests of the respondent.[4]

Appellant acknowledges that a guardian ad litem is not expressly required by the statute governing the removal of a conservator and the appointment of his successor. However, Appellant contends that section 34-3-108(c) "does preserve all of the rights of a ward as if from an original petition[,]" including the appointment of a guardian ad litem.

We recognize that Tennessee Code Annotated section 34-1-107(a)(1) provides that, subject to certain exceptions, "on the filing of a petition for the appointment of a fiduciary, the court shall appoint a guardian ad litem to represent the respondent." However, section 34-3-108, regarding the rights of a respondent facing termination or modification of a conservatorship, affords respondents only the rights stated in section 34-3-106, which does not include the right to a guardian ad litem. Pursuant to the canon of statutory construction, *expressio unius est exclusio alterius*—"to express one thing is to exclude others"—we must presume that the legislature did not intend to extend the guardian ad litem requirement beyond the original petition to appoint a fiduciary. *See State v. Strode*, 232 S.W.3d 1, 10 (Tenn. 2007) (citing *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d

---

[4] Appellant does not allege a failure by the trial court to appoint an attorney ad litem.

509, 516-17 (Tenn. 2005)). We find no error in the trial court's failure to appoint a guardian ad litem.

### C. *Protection of Ward's Estate*

Finally, Appellant contends that the trial court "failed to protect the ward's estate" when it appointed an independent conservator, rather than Appellant, as Appellant agreed to serve without a fee, and Teresa Gibbs agreed to serve as conservator of respondent's person without a fee if Appellant was appointed conservator of the estate. As we stated above, the trial court's appointment of a conservator will not be overturned absent an abuse of discretion. "[W]e will set aside a discretionary decision if it does not rest on an adequate evidentiary foundation or if it is contrary to the governing law[.]" *Bronson v. Umphries*, 138 S.W.3d 844, 851(Tenn. Ct. App. 2003) However, "we will not substitute our judgment for that of the trial court merely because we might have chosen another alternative." *Id.*

The trial court, in its order appointing Robert T. Condo conservator of respondent's estate, cited a "long history of contentiousness involving the Conservatorship of Annette H. Cross[.]" These "[d]ifficulties" between co-conservators Cleveland Gibbs and Denise Pinson, which ultimately necessitated their replacement, coupled with the distance Cleveland Gibbs lives from respondent, as well as the trial court's fear that Cleveland Gibbs would be unable to "exercise independent judgment" should a monetary conflict arise between respondent and the conservator of her person–his mother–led the trial court to appoint an independent conservator of the estate. We find no abuse of discretion in the trial court's decision to appoint an independent, unrelated party, who "has had experience in handling money."[5]

### V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the probate court. Costs of this appeal are taxed to Appellant, Cleveland Gibbs, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

_____

[5] The trial court stated that "In prior years, Cleveland Gibbs [was] removed as a Co-Conservator of the estate, because of conflicts with the *Ward*." (emphasis added). However, from our review of the record, it seems that Cleveland Gibbs' conflict was with his *co-conservator*, Denise Pinson, rather than with Annette Cross. The trial court's apparent misstatement or misconception, though, does not affect our conclusion that the trial court did not abuse its discretion in appointing an independent conservator of the estate.