

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00329-CR

LEONARDO OVIEDO                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Appellant Leonardo Oviedo appeals his conviction for intentionally or knowingly causing bodily injury to an elderly person.[2] In one point, he argues that the trial court erred by overruling his Texas Rule of Evidence 403 objection to State's Exhibit 1, which contained recordings of 911 calls made by eye witnesses to appellant's crime. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 22.04(a), (c)(2), (f) (West Supp. 2012).

**Background Facts**

On New Year's Eve 2010, appellant, his sister Diana, his mother, and his elderly father attended a party hosted by Gerado Perez. Appellant had been drinking alcohol that night. According to Diana, when appellant arrived at the party, she told him not to "start problems."

After midnight, appellant, who is a member of the Varrio Centro gang, and several other people got into an argument outside of the party hall. Appellant removed his shirt and displayed gang signs with his hands, instigating a fight. Diana and appellant's father attempted to extricate appellant from the tumult, but he refused. Appellant threw Diana to the ground multiple times as he continued to participate in the fight. Appellant also hit his father, the victim, in the face, knocking him to the ground. Appellant's father temporarily lost consciousness and suffered a broken arm; he eventually received treatment at a hospital.[3]

When appellant initiated the fight, Diana called 911 to seek assistance. In the background of the recording of Diana's 911 call, appellant can be heard saying, "Me and you, one-on-one," and attempting to continue fighting.[4] Diana

---

[3]Appellant testified to a different version of the facts. He said that after he had tried to speak with a girl at the party, someone became offended, and a group of people "jumped" him although he did not want to fight. Appellant stated, "I pushed my dad out of the way . . . . And when I looked back, I [saw] my dad on the floor. . . . [I] wasn't trying to hurt him. I was just trying to get him out of the way." Appellant denied punching his father.

[4]In her testimony, Diana identified appellant's voice as the one stating, "Me and you, one-on-one."

can also be heard imploring appellant to leave the fight and to get in her car. Perez called 911 to report the fight as well. He said that a man had been injured and was lying on the pavement. The police arrived, removed appellant from Diana's car, determined that he was intoxicated, and arrested him.

In a two-count indictment, a grand jury indicted appellant, respectively, for intentionally or knowingly causing bodily injury to an elderly person and for recklessly causing bodily injury to an elderly person. Appellant pled not guilty to both counts. Each side presented witnesses, and the State played the recorded 911 calls for the jury. The jury found appellant guilty of intentionally or knowingly causing bodily injury to an elderly person, and as instructed in the jury charge, the jury did not therefore consider whether he was guilty of recklessly causing bodily injury to an elderly person. The trial court assessed appellant's punishment at six years' confinement. Appellant brought this appeal.

**The Admission of the 911 Calls**

In his sole point, appellant asserts that the trial court erred by admitting the 911 calls over his objection because their probative value was substantially outweighed by the danger of unfair prejudice under rule of evidence 403.[5]

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. In

---

[5]Appellant challenges the general admissibility of State's Exhibit 1, which contained two 911 calls, but appellant does not separately analyze the admissibility of each call. We will consider the admissibility of the calls collectively.

reviewing a trial court's balancing of the probative value and potential for unfair prejudice under rule 403, we reverse only upon a clear abuse of discretion. *Rachal v. State*, 917 S.W.2d 799, 808 (Tex. Crim. App.), *cert. denied*, 519 U.S. 1043 (1996); *Price v. State*, 351 S.W.3d 148, 150, 153–54 (Tex. App.—Fort Worth 2011, pet. ref'd). The balance is slanted toward admission, not exclusion, of otherwise relevant evidence. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Price*, 351 S.W.3d at 153 (stating that the rules of evidence carry a presumption that relevant evidence is more probative than prejudicial). As long as the trial court's ruling admitting evidence is within the "zone of reasonable disagreement," there is no abuse of discretion, and the trial court's ruling will be upheld.[6] *Price*, 351 S.W.3d at 150.

The word "may" in Rule 403 confers substantial discretion on the trial court. *Powell v. State*, 189 S.W.3d 285, 288 (Tex. Crim. App. 2006); *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001) ("Rule 403 requires exclusion of evidence only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value."). Therefore, it is the objecting party's burden to demonstrate that the probative value is substantially outweighed by the danger of unfair prejudice. *Sanders v. State*, 255 S.W.3d 754, 760 (Tex. App.—Fort Worth 2008, pet. ref'd) (citing *Hinojosa v. State*, 995

---

[6]The trial court is not required to perform the balancing test on the record, and when the record is silent, we presume that the trial court performed the appropriate balancing test. *Williams v. State*, 958 S.W.2d 186, 195–96 (Tex. Crim. App. 1997).

S.W.2d 955, 958 (Tex. App.—Houston [14th Dist.] 1999, no pet.)). In balancing the probative value against potential prejudice, the court considers how compellingly the evidence serves to make a fact of consequence more or less probable and the potential for the evidence to impress the jury in an irrational but nevertheless indelible way. *Powell*, 189 S.W.3d at 287.

In *Estrada v. State*, a capital murder case, the court of criminal appeals held that the prejudice of a recording of a 911 call did not outweigh its probative value because the recording provided a framework within which the particulars of the State's evidence could be developed. 313 S.W.3d 274, 300 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 905 (2011). Estrada had been charged with the capital murder of a seventeen-year-old girl. *Id*. at 279. The 911 call recorded the reaction of the victim's family upon finding her lifeless body. *Id.* at 300. On appeal, Estrada argued that the recording was "charged with emotion" and "grossly prejudicial and inflammatory" because the family members could be heard screaming and weeping. *Id.* The court of criminal appeals concluded that although the recording did not establish any material fact not otherwise proven within the State's case, it did establish a framework in which the State's evidence could be developed, and it was therefore admissible. *Id.*; *see Munoz v. State*, 932 S.W.2d 242, 244 (Tex. App.—Texarkana 1996, no pet.) (holding that a 911 call was admissible because it provided a framework within which the State's evidence could be developed); *see also Yi v. State*, No. 01-05-01147-CR, 2007 WL 2052064, at *4 (Tex. App.—Houston [1st Dist.] July 19, 2007, no pet.) (mem.

5

op., not designated for publication) ("911 tapes are generally admissible, even if not necessary to establish a material fact, because they provide a framework within which the State's evidence may be developed."). The 911 recording in this case provided a framework in which the State's evidence could be developed because it substantiated Diana's testimony that she attempted to persuade appellant to stop fighting and because it weakened appellant's testimony that he did not want to fight. *See Estrada*, 313 S.W.3d at 300.

Furthermore, in *Sierra v. State*, we held that a 911 call made by a robbery victim was not unduly prejudicial. 157 S.W.3d 52, 63 (Tex. App.—Fort Worth 2004) (op. on reh'g), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007). In that case, Sierra had participated in the robbery of a clothing store in which two people were shot. *Id.* at 57. A store employee called 911, and although the voices on the recording were excited and distraught, we held that this would not cause the jurors to act on emotion rather than evidence. *Id.* at 63; *see also Anderson v. State*, 15 S.W.3d 177, 186 (Tex. App.—Texarkana 2000, no pet.) (holding that a 911 recording of a husband reporting his wife's murder would not cause the jury to "act on any basis other than consideration of the evidence presented to them").

In applying the rule 403 balancing factors, we must consider whether the 911 calls serve to compellingly show appellant's guilt in committing the charged offense. *See Brooks v. State*, 833 S.W.2d 302, 304 (Tex. App.—Fort Worth 1992, pet. ref'd) (holding that the probative value of a 911 call from a sexual

6

assault victim outweighed the potential for unfair prejudice in that it established the victim's state of mind as a relevant reason as to why she could not identify her attacker). To convict appellant of count one of his indictment, the jury was required to find that he intentionally or knowingly caused bodily injury to his father. *See* Tex. Penal Code Ann. § 22.04(a). One of the 911 calls at issue indicates that appellant, contrary to his testimony, wanted to remain in the fight, and it therefore supports a theory that he hit his father because his father was trying to get him to stop fighting, rather than to merely get his father out of the way. That 911 recording demonstrates that appellant was shouting, "Me and you, one-on-one" and ignoring his sister's pleas to get away from the fight.[7]

Next, we consider the potential for the 911 calls to impress the jury in an irrational way. *See Powell*, 189 S.W.3d at 287. Although one of the 911 recordings is prejudicial, it is not unfairly so. Diana can be heard shouting at appellant to stop fighting and attempting, several times, to tell the location of the disturbance to the 911 operator. Perez can be heard telling the 911 operator that an old man has been injured and needs an ambulance. We conclude that neither of these calls would likely cause a jury to vote based on emotion rather than the evidence, especially considering that Diana, Perez, and appellant's

---

[7]Appellant appears to concede that the 911 calls had significant probative value. In his brief, he states that the "jury need not have listened to any other witness, nor believed any other witness, to convict" him based on the calls.

7

father all testified against appellant about the same events heard in the recordings.

Because the 911 recordings provided a framework for the State's case and had probative value that was not substantially outweighed by the danger of unfair prejudice, we conclude that the trial court did not abuse its discretion by admitting the 911 recordings, and we overrule appellant's sole point.[8]  *See Rachal*, 917 S.W.2d at 808; *see also Garcia v. State*, 201 S.W.3d 695, 704 (Tex. Crim. App. 2006) ("[W]hen determining whether evidence is admissible under Rule 403, we do not consider just whether the evidence is more prejudicial than probative, we consider whether the probative value is *substantially* outweighed by the danger of *unfair* prejudice."), *cert. denied*, 549 U.S. 1224 (2007).

## Conclusion

Having overruled appellant's point, we affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

---

[8]Appellant appears to also contend that the 911 calls should have been excluded because they violated his right of confrontation and were hearsay.  At trial, however, appellant did not object to the admission of the calls on those grounds.  Therefore, we hold that he forfeited those arguments.  *See* Tex. R. App. P. 33.1(a)(1); *Lozano v. State*, 359 S.W.3d 790, 823 (Tex. App.—Fort Worth 2012, pet. ref'd); *Ricketts v. State*, 89 S.W.3d 312, 319 n.1 (Tex. App.—Fort Worth 2002, pets. ref'd).

DELIVERED:  September 13, 2012