IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 19, 2017 Session

IN RE ESTATE OF ERNEST LESTER SALMONS

**Appeal from the Chancery Court for Anderson County**
**No. 17-PB-3     M. Nichole Cantrell, Chancellor**

_____

**No. E2017-00389-COA-R3-CV**

_____

This appeal presents the issue of whether a trial court may properly transfer a probate proceeding that was allegedly filed in the wrong county to the county where the decedent was residing when he passed away. The administratrix of the probate estate was appointed by the Campbell County Chancery Court upon the filing of a verified petition alleging that the decedent died in Lake City, Tennessee. A defendant in a wrongful death lawsuit, subsequently filed by the administratrix regarding the death of the decedent, filed a motion in the Campbell County Chancery Court, seeking to have the previously issued letters of administration revoked because the decedent was residing in a nursing facility in Anderson County at the time of his death. Rather than revoking the letters of administration, the Campbell County Chancery Court transferred the probate matter to Anderson County. Subsequently, the Anderson County Chancery Court denied a similar motion, stating that it had no jurisdiction to revoke letters of administration issued by the Campbell County Chancery Court. The movant has appealed. Discerning no error, we affirm the Campbell County Court's order transferring the probate action to Anderson County.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

James N. L. Humphreys and Matthew F. Bettis, Kingsport, Tennessee, for the appellant, Summit View of Lake City, LLC.

Loring Justice, B. Chadwick Rickman, and Linn Guerrero, Knoxville, Tennessee, for the appellee, Paulette Salmons, as adminstrator of the Estate of Ernest Lester Salmons.

## OPINION

### I. Factual and Procedural Background

Ernest Salmons ("Decedent") died on October 13, 2013, at Summit View of Lake City, LLC ("Summit"), which is a skilled nursing facility located in Anderson County. On November 25, 2013, Decedent's sibling, Paulette Salmons, a resident of Jacksboro, Tennessee, filed a petition in the Campbell County Chancery Court, requesting that she be appointed personal representative of Decedent's estate ("the Estate"). In the petition, Ms. Salmons stated that Decedent died intestate in Lake City, Tennessee, but failed to list his specific place of residence. The Campbell County Chancery Court appointed Ms. Salmons as administratrix of the Estate on November 25, 2013. In that order, the Campbell County Chancery Court recited that Decedent was a resident of Campbell County at the time of his death.

In 2015, Ms. Salmons filed a complaint against Summit in the Anderson County Circuit Court on behalf of the Estate. In said action, the Estate alleged that, *inter alia*, Summit was liable for the wrongful death of Decedent due to medical negligence. Subsequently, on September 26, 2016, Summit filed a motion in the Campbell County Chancery Court, seeking to have that court's order appointing Ms. Salmons administratrix of the Estate declared void *ab initio*. Summit asserted that in the health care liability complaint filed on behalf of the Estate, Ms. Salmons had stated that Decedent was residing at Summit in Anderson County at the time of his death. Summit thus posited that the Campbell County Chancery Court lacked jurisdiction to grant letters of administration regarding the Estate pursuant to Tennessee Code Annotated § 30-1-102 (2015), which states that letters of administration "shall be granted by the probate court of the county where the intestate had usual residence at the time of the intestate's death, or, in case the intestate had fixed places of residence in more than one county, the probate court of either county may grant letters of administration . . . ."

The Estate filed a response to Summit's motion, alleging that (1) Summit lacked standing to set aside the letters of administration and (2) Summit could not demonstrate that Decedent intended to change his domicile to Anderson County. The Estate further argued that the proper resolution of any issue with the Campbell County Chancery Court's jurisdiction would be to transfer the matter to Anderson County pursuant to Tennessee Code Annotated § 16-1-116.[1]

---

[1] Tennessee Code Annotated § 16-1-116 (2009) provides:

> Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a

2

The Campbell County Chancery Court conducted a hearing regarding Summit's motion on December 16, 2016. Subsequently, on January 25, 2017, the Campbell County Chancery Court entered an order denying Summit's motion to have the appointment order declared void *ab initio*. The court determined that the November 25, 2013 order and the resultant letters of administration were not void. The court transferred the Estate matter to the Anderson County Chancery Court pursuant to Tennessee Code Annotated § 16-1-116.

On January 31, 2017, Summit filed a motion in the Anderson County Chancery Court, seeking to alter or amend the January 25, 2017 order of the Campbell County Court. On February 13, 2017, the Anderson County Chancery Court entered an order stating, *inter alia*, "[t]his Court refuses to enter an order as requested by the movant finding that Anderson County Chancery Court, probate division, has no jurisdiction to enter any order dealing [with] the revocation of Appointment of an Administrator or Revocation of Letters of Administration that were issued by another county." Summit timely filed a notice of appeal pursuant to Tennessee Rule of Appellate Procedure 3. Summit concomitantly filed a motion for interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9, acknowledging that the most recent order might not be considered final. This Court denied interlocutory review pursuant to Rule 9, determining that "the orders on review in the probate appeals are appealable as of right." This appeal as of right followed. *See* Tenn. R. App. P. 3.

## II. Issues Presented

Summit presents two issues for our review, which we have restated slightly:

1.  Whether the Campbell County Chancery Court possessed subject matter jurisdiction to enter an order appointing Ms. Salmons as administratrix of Decedent's estate.

2.  Whether the Campbell County Chancery Court's order appointing Ms. Salmons as administratrix of Decedent's estate is void.

---

petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act . . . is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer the action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

Ms. Salmons, on behalf of the Estate, raises the following additional issues, which we have also restated slightly:

3.    Whether Summit maintained standing to challenge Ms. Salmons's appointment as administratrix of the Estate.

4.    Whether the Campbell County Chancery Court properly disposed of Summit's challenge by transferring the case to Anderson County.

5.    Whether the letters of administration issued to Ms. Salmons were merely voidable rather than void.

6.    Whether Summit's challenge of the trial court's appointment has been waived for failure to properly comply with statutory requirements.

### III.  Standard of Review

Questions of law, including issues of statutory construction, are reviewed *de novo* with no presumption of correctness attaching to the rulings of the court below.  *See Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009); *Blair v. Brownson*, 197 S.W.3d 681, 683 (Tenn. 2006).   As our Supreme Court has explained concerning statutory construction:

> The most basic principle of statutory construction is to ascertain and give effect to legislative intent without broadening the statute beyond its intended scope.  When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language and, in that instance, we enforce the language without reference to the broader statutory intent, legislative history, or other sources.

*Carter*, 279 S.W.3d at 564 (internal citations omitted).

Furthermore, as this Court has explained regarding the transfer of an action pursuant to Tennessee Code Annotated § 16-1-116:

> [T]transfers under Tenn. Code Ann. § 16-1-116 are discretionary.  *Turner v. State*, 184 S.W.3d 701, 705 (Tenn. Ct. App. 2005).   An abuse of discretion occurs when a trial court "'applie[s] an incorrect legal standard,

or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). Under this standard, a trial court's decision "'will be upheld so long as reasonable minds can disagree as to the propriety of the decision made.'" *Id.* (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)).

*Pack v. Ross*, 288 S.W.3d 870, 874-75 (Tenn. Ct. App. 2008).

## IV. Standing

As a threshold issue, the Estate asserts that Summit lacked standing to contest the letters of administration issued to Ms. Salmons because Summit had no interest in Decedent's estate. *See, e.g.*, *Warmath v. Smith*, 279 S.W.2d 257, 258 (Tenn. 1955) ("A stranger will not be permitted to disturb the existing probate."). Summit disputes this assertion, relying upon our Supreme Court's holding in *Louisville & N.R. Co. v. Herb*, 143 S.W. 1138, 1139 (Tenn. 1911). In *Louisville*, the railroad, which was sued for wrongful death by the administrator of the decedent's estate, was allowed to file a petition seeking to revoke the letters of administration concerning the decedent's estate based upon lack of jurisdiction of the court that granted them. *Id.* In allowing such action, the Supreme Court explained:

If [the administrator] was not lawfully appointed, the [defendant railroad company] has the right, in a proper way, to show that fact, and thus defend itself from being harassed by a suit brought without authority of law, and from complications that may arise, should his letters of administration be revoked, upon the application of some one interested in the estate of the decedent as a creditor, next of kin, or otherwise.

The right of a plaintiff to maintain an action in the capacity he sues . . . may always be challenged by a defendant . . . .

*Id.*

Similarly, here, the record demonstrates that Summit was the defendant in a wrongful death action, which was instituted by Ms. Salmons as administratrix of the Estate. Summit therefore had sufficient standing to challenge whether Ms. Salmons was properly appointed as the Estate's administratrix and could, therefore, institute the wrongful death action in that capacity. *See id.* We conclude that the Estate's argument regarding Summit's standing is unavailing.

V. Jurisdiction of Campbell County Chancery Court to Appoint Administratrix

Summit argues that the Campbell County Chancery Court lacked subject matter jurisdiction to appoint Ms. Salmons as administratrix of Decedent's estate. Tennessee Code Annotated § 30-1-102 provides:

> Letters of administration shall be granted by the probate court of the county where the intestate had usual residence at the time of the intestate's death, or, in case the intestate had fixed places of residence in more than one county, the probate court of either county may grant letters of administration upon the intestate's estate.

As to the requirements concerning an application for letters of administration, Tennessee Code Annotated § 30-1-117 (2015) states in pertinent part:

> (a) To apply for letters of administration or letters testamentary to administer the estate of a decedent, a verified petition containing the following information and documents shall be filed with the court:
>
> (1) The identity of the petitioner;
>
> (2) The decedent's name, age, if known, date and place of death, and residence at time of death;
>
> (3) In case of intestacy, the name, age, if known, mailing address and relationship of each heir at law of the decedent;
>
> (4) A statement that the decedent died intestate or the date of execution, if known, and the names of all attesting witnesses of the document or documents offered for probate;
>
> (5) The document or documents offered for probate, or a copy thereof, as an exhibit to the petition;
>
> (6) The names and relationships of the devisees and legatees and the city of residence of each if known, similar information for those who otherwise would be entitled to the decedent's property under the statutes of intestate succession, and the identification of any minor or other person under disability;
>
> (7) An estimate of the fair market value of the estate to be

administered, unless bond is waived by the document offered
for probate or is waived as authorized by statute; . . . .

Summit asserts that Ms. Salmons's petition was insufficient because she left blank the space designated to identify the location of Decedent's residence at the time of death. Summit posits that because Ms. Salmons's petition for appointment of an administratrix was "defective" in this manner, Ms. Salmons "failed to submit a verified petition required by [Tennessee Code Annotated § 30-1-117(a)(2)]." Summit further reasons that because Ms. Salmons "failed to meet her burden of establishing subject matter jurisdiction," the Campbell County Chancery Court lacked jurisdiction to appoint her as administratrix.

Summit's argument regarding this question encompasses more than one logical leap. Summit has failed to provide this Court with any authority for its implied contention that a petition that fails to include every item of information listed in Tennessee Code Annotated § 30-1-117(a) is "defective" and basically amounts to a failure to file a verified petition at all. Summit has further failed to provide this Court with any authority in support of its contention that the Campbell County Chancery Court lacked subject matter jurisdiction simply because Ms. Salmons's petition was incomplete.

Summit asserts that evidence in the record establishes that Decedent was a resident of Summit's facility in Anderson County at the time of his death. Summit thereby contends that the Campbell County Chancery Court lacked jurisdiction to appoint an administrator for the Estate because Decedent was a resident of Anderson County. *See, e.g.*, Tenn. Code Ann. § 30-1-102.

As this Court has previously elucidated regarding the distinction and interplay between venue and jurisdiction concerning a trial court's ability to adjudicate an action:

> Venue refers to locality, and in the legal sense it signifies the proper locality in which a court of competent jurisdiction may adjudicate an action. It is within the power of the legislature to fix the venue of actions according to its judgment. Tennessee's venue rules are largely statutory and are intended to provide the criteria for determining where a lawsuit may or should be filed. *Metropolitan Dev. & Hous. Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876, 880 (Tenn. Ct. App. 1982).

> Venue is either local or transitory, depending on the subject matter of the cause of action. *State v. Graper*, 155 Tenn. 565, 569, 4 S.W.2d 955, 956 (1927). A cause of action that may arise anywhere is transitory, but one that could arise in only one place is local. *Burger v. Parker*, 154 Tenn. 279, 290 S.W. 22 (1926). Otherwise transitory actions are considered to be

7

local when a statute prescribes a particular county in which they must be brought. *State ex rel. Huskey v. Hatler*, 606 S.W.2d 534 (Tenn. 1980). In fact, venue statutes evince legislative purpose to localize transitory actions. *White v. Garner*, 192 Tenn. 429, 241 S.W.2d 518 (1951).

Even though venue is considered a personal privilege of the defendant that can be waived if not raised in a timely manner, *Metropolitan Dev. & Hous. Agency*, 637 S.W.2d at 880, waiver is not available when a transitory action has been localized by statute. In that situation, venue has become part of the court's authority to hear a particular action and is, therefore, jurisdictional. *Curtis v. Garrison*, 211 Tenn. 339, 344, 364 S.W.2d 933, 935 (1963); *Terminix Int'l Co. v. Tapley*, No. 02A01-9701-CH-00028, 1997 WL 437222, at *5, 1997 Tenn. App. LEXIS 546, at *13-*15 (Tenn. Ct. App. Aug. 4, 1997) (no Tenn. R. App. P. 11 application filed).

Jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). "The jurisdiction of a court in its broad sense is its power to hear and determine controversies, and in a more restricted sense is its power to adjudicate a particular case." 21 C.J.S. Courts § 9.

*Hawkins v. Tenn. Dep't of Corr.*, 127 S.W.3d 749, 753-54 (Tenn. Ct. App. 2002) (footnote omitted).

Tennessee Code Annotated § 30-1-102 localizes the venue for administration of an intestate estate to "the county where the intestate had usual residence at the time of the intestate's death," or when the decedent has places of residence in more than one county, administration can take place in "either county." As such, "venue has become part of the court's authority to hear a particular action and is . . . jurisdictional." *Hawkins*, 127 S.W.3d at 754.[2] However, Tennessee Code Annotated § 16-1-116 provides, *inter alia*, that when a "court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer the action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed." Moreover, Tennessee Code Annotated § 16-1-116 has been utilized to transfer actions to the proper

---

[2] Similarly, in conservatorship proceedings, Tennessee Code Annotated § 34-3-101(b) (2015) provides: "An action for the appointment of a conservator shall be brought in the county of residence of the alleged person with a disability." This statutory section has been construed as localizing venue for conservatorship actions such as to make venue jurisdictional. *See In re Conservatorship of Clayton*, 914 S.W.2d 84, 89 (Tenn. Ct. App. 1995).

court with jurisdiction rather than dismissing the action when the original court had been determined to lack jurisdiction because venue was localized. *See, e.g., Pack*, 288 S.W.3d at 873-74; *Wylie v. Farmers Fertilizer & Seed Co.,* No. W2002-01227-COA-R9-CV, 2003 WL 21998408, at *6 (Tenn. Ct. App. Aug. 21, 2003). We therefore conclude that the trial court properly acted within its discretion in transferring the probate action to Anderson County based on Summit's contention that Decedent resided in Anderson County at the time of his death.[3]

## VI.  Tennessee Code Annotated § 16-1-116

Tennessee Code Annotated § 16-1-116 explicitly addresses the transfer of an "original civil action." Summit contends that a probate action is not an "original civil action," as required by Tennessee Code Annotated § 16-1-116, such that the transfer statute would not apply. Summit relies upon language from a 1929 Tennessee Supreme Court decision, *see Winters v. Am. Tr. Co.,* 14 S.W.2d 740, 742 (Tenn. 1929), wherein the Court stated:

> "Proceedings for the probate of a will are not a civil action, but a judicial inquiry to ascertain whether the instrument before the court is the last will and testament of the deceased." 28 Ruling Case Law, 367. An early construction of our statute providing for the probate of wills and the mode of contesting their validity (*Hodges v. Bauchman*, 16 Tenn. [8 Yerg.] 186, 189), clearly supports the text just quoted and recognizes the public interest in the proceedings. The court said: "The act does not speak of parties, plaintiffs, and defendants—no such idea was in the minds of the Legislature; it was made the duty of the court of probate, to ascertain whether the will had been duly executed, without reference to individuals interested in the result of admitting the will to record; the court was bound to act upon the subject-matter, and to settle the title to the property, late of the testator, left without an owner. The interests of society admitted of no delay. If any one or more, interested in the result, objected to the validity of the will, then the court was ordered by the statute to make up an issue, will or no will, and try the fact before a jury, minding to examine all the living witnesses to the will, and to hear such other proofs as those interested might adduce, and according to the finding of the issue by the jury, record

---

[3] Although "residence" has been construed as being synonymous with the concept of domicile in probate actions, *see In re Estate of Price*, No. M2002-00332-COA-R3-CV, 2002 WL 31890885, at *3 (Tenn. Ct. App. Dec. 31, 2002), we need not determine whether Decedent's domicile was in Anderson County for the purposes of this appeal. Summit argued that the Campbell County Chancery Court had no jurisdiction because Decedent was a resident of Anderson County at the time of his death, and the Estate acquiesced in the Campbell County Chancery Court's transfer of the action to Anderson County.

the will, or reject the paper presented as such. But this was a proceeding for the ends of justice of a public nature, and conclusive on the world."

The *Winters* opinion predated enactment of the transfer statute at issue by several decades. In 1995, in a case involving the filing of a writ of certiorari in the wrong court, our Supreme Court invited the legislature to enact a "broad transfer statute" that would authorize a court without subject matter jurisdiction over a matter to transfer that matter to a proper court in the interest of judicial economy and in furtherance of the "policy of disposing of cases on the merits." *See Norton v. Everhart*, 895 S.W.2d 317, 320 (Tenn. 1995). Tennessee Code Annotated § 16-1-116 was subsequently enacted by the Tennessee General Assembly in 2000, providing a means for such transfers.

More importantly, *Winters* also predated enactment of the Tennessee Rules of Civil Procedure, specifically Rule 2, which provides: "All actions in law or equity shall be known as 'civil actions.'"[4] As our Supreme Court has previously explained with regard to the proper construction of statutes:

> When construing statutes, we are required to ascertain and effectuate the legislative intent and purpose of the statutes. *State v. Walls*, 62 S.W.3d 119 (Tenn. 2001). We should "assume that the legislature used each word in the statute purposely and that the use of [each] word[] conveyed some intent." *State v. Levandowski*, 955 S.W.2d 603, 604 (Tenn. 1997). Further, courts must presume that the legislature is aware of prior enactments and of the state of the law when passing legislation. *Id.* Legislative intent must be derived from the plain and ordinary meaning of the statutory language if the statute is devoid of ambiguity. *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000).

*Dixon v. Holland*, 70 S.W.3d 33, 37 (Tenn. 2002). Therefore, at the time Tennessee Code Annotated § 16-1-116 was enacted, the legislature was aware of the pronouncement regarding "civil actions" in Tennessee Rule of Civil Procedure 2, and clearly the language of § 16-1-116 does not carve out an exception for probate actions. We thus determine that the statute is unambiguous in its application to any "civil action," and we

---

[4] Although Tennessee Rule of Civil Procedure 3 discusses the commencement of "civil actions" via the filing of a complaint, the 2013 Advisory Commission Comments to Rule 3 elucidate that in certain instances, the filing of a statutorily authorized petition will be treated as the filing of a complaint unless it is in the nature of a motion relating to a pending civil action. As previously explained, a probate action may be commenced by the filing of a proper petition pursuant to Tennessee Code Annotated § 30-1-117. In fact, such a petition filed pursuant to Tennessee Code Annotated § 30-1-117 is expressly included in the list of statutorily authorized petitions mentioned in the 2013 Advisory Commission Comments to Rule 3.

find Summit's contention regarding the inapplicability of Tennessee Code Annotated § 16-1-116 to probate actions to be without merit.

## VII. Void or Voidable Order

Summit also postulates that the present action could not be transferred because the Campbell County Chancery Court lacked jurisdiction to appoint an administratrix and open the Estate, thereby rendering its orders in that regard void. *See Turner v. Turner*, 473 S.W.3d 257, 270 (Tenn. 2015) (holding that a "judgment rendered by a court lacking either personal or subject matter jurisdiction is void."). Summit relies on our Supreme Court's decision in *Wilson v. Frazier*, 21 Tenn. 30, 31, 1840 WL 1520, at *1 (1840), wherein the Court made the general statement that letters of administration granted to the plaintiff by a court of a county that was not the county of the decedent's residence and domicile were "void."

This statement in *Wilson*, however, was later explained by the Tennessee Supreme Court in the case of *Bellenfant v. Am. Nat. Bank*, 195 S.W.2d 30, 31-32 (Tenn. 1946), wherein the Court stated:

> The County Court of Davidson County issued to American National Bank letters of administration on the intestate estate of Emmett Bellenfant. Its action was predicated upon a sworn petition stating that Bellenfant had died a resident of Davidson County. Approximately fourteen months thereafter, appellant, who had a substantial interest in the estate, filed his bill in Davidson County Chancery Court. The bill alleged that deceased had never been a resident of Davidson County and died a resident of Williamson County. The prayer of the bill is that the chancery court decree the proceedings in the county court to be void and remove the administrator appointed by that court.

> The administrator and other defendants demurred to this bill on the ground that complainant has a plain, adequate and speedy remedy in the County Court of Davidson County. This demurrer was sustained and the bill dismissed. Therefore, on this appeal from the action of the chancellor in dismissing the bill on demurrer it must be accepted as a fact that the deceased was never a resident of Davidson County and that the granting of letters of administration in that county was erroneous, since it is provided by Section 8144 of the Code that letters of administration shall be granted in the county where the intestate had his usual residence at the time of his death.

11

However, the granting of these letters of administration was not a void act. *Franklin v. Franklin*, 91 Tenn. 119, 128, 18 S.W. 61 [(1892)]. They may upon proper application and showing be revoked by that county court which ordered their issuance, this power of revocation being vested in that court by Section 10225(2) of the Code. This appellant did, therefore, have available to him a clear, adequate and speedy remedy in the court which issued the letters for the wrong which his bill alleges, and for all the relief for which his bill prays.

The county court of Davidson County is vested by said Code Section 10225(2) with original jurisdiction of the matter of revoking these erroneously issued letters of administration. That original jurisdiction is also a general and an exclusive jurisdiction. *Brien v. Hart*, 25 Tenn. 131 [(1845)]. The chancery court is without power, therefore, as a court of original jurisdiction to revoke these letters of administration. It has no revisory jurisdiction to correct or relieve the voidable errors of the county court in this matter, since that may be done only by appeal to a court with appellate jurisdiction in such matter.

The above stated conclusion was reached in the early case of *Wilson v. Frazier et al.*, 21 Tenn. 30. In that case, the Grainger County Court had granted letters of administration to McKinney. The Jefferson County Court had granted such letters in the same estate to Mrs. Wilson. She then filed her petition for certiorari in the Circuit Court of Grainger County, asking that court to revoke the letters issued by the County Court of Grainger County. There had been no appeal to the circuit court from the action of the Grainger County Court in granting the letters. The Supreme Court in holding that the circuit court did not have original jurisdiction said: 'There must be a dispute and contest on the subject in the court of probate to confer on the circuit court jurisdiction over the matter by appeal or certiorari. If, when the grant of administration was made to the defendants by the county court, the plaintiff had presented her claim, she could have taken her case to the circuit court by appeal or certiorari, according to the circumstances. Not having done so, the proceedings to repeal the letters once granted must originate in the county court. Without this, the circuit court has no jurisdiction over the matter.' In *Johnson v. Gaines, Executor*, 41 Tenn. 288, 289 [(1860)] this Court held as follows: 'The paper having been admitted to probate in the County Court of Sullivan, that probate must stand until revoked or vacated by that court, or reversed by the proper appellate tribunal, upon appeal or writ of error. 1 Meigs's Dig. Sec. 48, 54, 55. Assuming the facts to be as alleged in the petition, application should

have been made to the County Court of Sullivan to have the probate vacated and annulled, and upon refusal to do so an appeal or writ of error might have been prosecuted to the Circuit Court of Sullivan.' In the case of *Townsend v. Townsend, Executor et al.*, 44 Tenn. 70, 80, 94 Am. Dec. 185 [(1867)], this Court held the chancery court to be without jurisdiction in such a matter, and said: 'The paper having been thus admitted to probate in the County Court of Sumner County, that probate must stand, until revoked or vacated by the county court in which it was probated, or reversed by the proper appellate tribunal, upon appeal, or writ of error.' In *Eller v. Richardson*, 89 Tenn. 575, 579, 15 S.W. 650, 651 [(1891)], this Court again so held saying: 'It is true that the county court of the county in which the deceased resided (if he had a residence in but one county), was alone authorized to grant letters of administration upon his estate. Code, § 2202. But the place of his residence was a matter for the determination of the court in which the application for letters was made. The letters in the present case were granted by the county court of Trousdale county; hence, that court must have found, as a matter of fact, that the decedent resided in that county. Its judgment is binding on all the world, until reversed on direct attack; that is, on appeal or writ of error, before the proper appellate tribunal.'

(Emphasis added.)

Based on this authority, we conclude that although the Campbell County Chancery Court's order granting letters of administration to Ms. Salmons may be considered voidable, it is not void. This conclusion is in accord with our Supreme Court's explanation concerning the difference between a void and a voidable judgment:

A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment. A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness.

*Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998) (internal citations omitted). In the case at bar, the order granting administration of the Estate to Ms. Salmons was not facially invalid because the Campbell County Chancery Court had the statutory authority to enter such an order. The voidable nature of the order was only demonstrated with the presentment of proof that Decedent was purportedly a resident of a different county at the time of his death. As such, the order was not void, but voidable.[5]

---

[5] As this Court has previously explained, a void judgment is a "complete nullity" while a voidable judgment is valid until "invalidated by an order of the court." *See Turner v. Turner*, No. W2013-01833-

13

Because the order appointing Ms. Salmons as administratrix was not void, we reject Summit's contention that administration of the Estate could not be validly transferred pursuant to Tennessee Code Annotated § 16-1-116.  By transferring the probate action to Anderson County, the Campbell County Chancery Court properly resolved any issues regarding jurisdiction.  Having determined that the trial court's transfer of this matter was proper, the Estate's remaining issue is pretermitted as moot.

## VIII.  Conclusion

For the foregoing reasons, we affirm the decision of the Campbell County Chancery Court to transfer administration of the Estate to Anderson County pursuant to Tennessee Code Annotated § 16-1-116.  We further affirm the Anderson County Chancery Court's refusal to declare the prior order of appointment void.  We remand this matter to the Anderson County Chancery Court for further proceedings consistent with this opinion.  Costs on appeal are taxed to the appellant, Summit View of Lake City, LLC.

_____
THOMAS R. FRIERSON, II, JUDGE

COA-R3-CV, 2014 WL 3057320, at *6 (Tenn. Ct. App. July 7, 2014), *rev'd on other grounds,* 473 S.W.3d 257 (Tenn. 2015).